**David Ray ATWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00135–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 29, 1998.

Decided June 30, 1998.

---

George S. Hebert, Baytown, for appellant.

Michael Mark, Asst. District Attorney, Liberty, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

David Atwood was convicted by a jury for evading arrest. The court, at Atwood's request, assessed punishment, enhanced by prior convictions, at confinement for twenty years.

Atwood raises two points in which he contends that there was insufficient evidence to support the conviction and there was insufficient evidence to prove a prior conviction relied on for enhancement of punishment.

TEX. PENAL CODE ANN. § 38.04 (Vernon 1994) provides that a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

In reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found beyond a reasonable doubt all the elements of the offense. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In reviewing factual sufficiency, we view all of the evidence without the prism of "in the light most favorable to the prosecution," and we set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim.App.1996).

▮ The evidence shows that on the night of November 7, 1996, the Cleveland, Texas, police department received a call from Nick Almanza, a maintenance engineer at Martin Chevrolet in Cleveland. Almanza reported that two men, one of whom was later identified as Atwood, were trying to break into the dealership offices. A police car driven by Officer Chris Garcia arrived at the dealership within a very few minutes. Almanza and Officer Garcia walked around the outside facilities of the dealership. Suddenly, they heard someone starting a truck. Atwood, the driver of the truck, drove directly into a wooden fence surrounding a lot behind the dealership offices, knocking down a section of the fence and coming to a halt. The truck sat still for a few moments. Officer Garcia ran to his police car and turned on its emergency lights. The truck then accelerated toward Garcia's patrol car. Garcia had to stop in order to avoid a collision with the truck. The truck then continued on for a short distance, when it was driven into a water-filled ditch. Officer Mike Grudzinski, who had come to the scene with Officer Garcia, saw a white male at the corner of a nearby building. He approached the individual and noticed that the lower half of his body was very wet and that he was not wearing shoes. He detained the person and, from an identification card in his possession, learned that he was David Ray Atwood.

On the morning of November 8, 1996, Detective Tom Yates administered a *Miranda*[1] warning to Atwood, after which Atwood made a statement, which was typed as it was being made. In that statement, Atwood admitted, inter alia, that he and another person had gone to Martin Chevrolet to steal a truck; that when they found one with the keys in it, he got into the truck and drove it through the fence surrounding the dealership; that when he broke through the fence, he saw a police car there; and that, when he saw the police car, he "hit the gas and took off real fast."

Atwood's attorney filed a motion to quash the confession. After a pretrial hearing, the court overruled the motion, and the statement was admitted at trial.

From Atwood's actions at the scene, and from his own statement to the police, which is not contested on appeal, we conclude that the evidence is both legally and factually

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

sufficient to support Atwood's conviction for the Class A misdemeanor of evading arrest.

Atwood also contends that the evidence is not sufficient to support proof of a prior misdemeanor conviction relied on for enhancement of punishment. The State concedes that there is no evidence of the prior misdemeanor conviction in the record. The State insists, however, that Atwood failed to preserve error at trial and thereby waived this complaint. The State contends that Atwood, to preserve error, should have filed a motion to quash the indictment or make some other objection to the enhancement paragraph in the indictment before or during the trial. We disagree. Atwood does not complain of a defect, error, or irregularity of form or substance in the indictment. Rather, he contends that the State failed to prove the prior misdemeanor conviction for evading arrest that it alleged for enhancement.

TEX. PENAL CODE ANN. § 38.04(b)(2) (Vernon Supp.1998) provides that the offense of evading arrest is punishable as a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section. TEX. PENAL CODE ANN. § 12.35(a) (Vernon 1994) provides that, with certain exceptions, a state jail felony shall be punished by confinement in a state jail for not more than two years or less than 180 days, plus an optional fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp.1998) provides that, on trial of any state jail felony punishable under Section 12.35(a), if the defendant has previously been finally convicted of two felonies, on conviction the defendant shall be punished for a second-degree felony (confinement for two to twenty years). It was under these provisions that the court assessed punishment at confinement for twenty years.

Although the State proved six prior felony convictions, it did not prove the prior misdemeanor offense for evading arrest that would have permitted raising the offense to a state jail felony. Accordingly, we agree that the State failed to prove the prior misdemeanor conviction it relied on to enhance the punishment.

We affirm the judgment of conviction for the misdemeanor offense of evading arrest.

We reverse and remand the cause to the trial court for the limited purpose of holding a new trial on punishment.