The STATE of Texas, Appellant,

v.

David Ray ATWOOD, Appellee.

No. 09–99–186 CR.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 18, 1999.

Decided April 19, 2000.

Michael R. Little, Dist. Atty., Michael A. Mark, Asst. Dist. Atty., Liberty, for State.

Ragis Fontenot, Jr., Liberty, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

EARL B. STOVER, Justice.

A jury convicted appellee David Ray Atwood of the offense of felony evading arrest.[1] Based on prior offenses charged in the indictment and found by the jury, the trial court sentenced him to twenty years' confinement in the Texas Department of Criminal Justice--Institutional Division and assessed a $1,000 fine.[2] After Atwood appealed his conviction and sentence, the case transferred from the Ninth District Court of Appeals in Beaumont to the Sixth District Court of Appeals in Texarkana. The Texarkana court affirmed his conviction for the Class A misdemeanor offense of evading arrest, but reversed and remanded the cause to the trial court for a new trial on punishment. *See Atwood v. State*, 972 S.W.2d 880, 882 (Tex.App–Texarkana 1998, pet.ref'd).[3] Following the appellate court's reversal on punishment, the state then filed a petition for discretionary review, which was subsequently refused by the Texas Court of Criminal Appeals. Upon retrial of the punishment phase, the trial court sentenced Atwood as a misdemeanor to a term of one year in the Liberty County jail.

On appeal, the State contends the trial court's punishment is an illegal sentence. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(b) (Vernon Supp.2000). (An illegal sentence may be appealed by the State.). Specifically, the State claims the trial court erred on remand by assessing a one year sentence for an offense "which [in reality] is a state jail felony enhanced up to a second degree felony...." Under the State's

---

1. The evading arrest statute is quoted below:
    **§ 38.04. Evading Arrest or Detention**
    (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.
    (b) An offense under this section is a Class B misdemeanor, except that the offense is:
    (1) a Class A misdemeanor if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;
    (2) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section;
    (3) a felony of the third degree if another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
    (4) a felony of the second degree if another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight.
    (c) In this section, "vehicle" has the meaning assigned by Section 541.201, Transportation Code.

    (d) A person who is subject to prosecution under both this section and another law may be prosecuted under either or both this section and the other law.
    TEX. PEN.CODE ANN. § 38.04 (Vernon Supp. 2000).

2. The sentence was to run concurrently with Atwood's twenty year sentence for theft of property.

3. The Texarkana court's reversal on punishment was based, in pertinent part, on Atwood's claim of insufficient evidence to prove the prior conviction pleaded by the State in the indictment. *Atwood*, 972 S.W.2d at 881. There being no evidence of the prior conviction, the Sixth Court of Appeals affirmed the conviction of the Class A *misdemeanor* offense of evading arrest, rather than *felony* evading arrest. *Id.* at 882. The issue before us is distinct from that before the Texarkana court of appeals. Their issue was insufficiency of the evidence to support the prior conviction; our issue is the question of the legality of the one year sentence handed down by the trial court after remand.

theory, rather than a one year sentence, the trial court on remand should have sentenced Atwood to a second degree felony of not less than two and not more than twenty years.

In support of its theory, the State relies upon the language of the evading arrest statute which provides that a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. *See* TEX. PEN.CODE ANN. § 38.04(a) (Vernon Supp.2000). The statute further provides that an offense under this section is a Class B misdemeanor, except that the offense is a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has previously been convicted under this section. *Id.* § 38.04(b)(2). It is the State's position that the misdemeanor evading arrest is *enhanced* to a state jail felony upon proof of a prior conviction for evading arrest. Thus, in the State's view, section 38.04(b)(2) does not contain language denoting an element of the offense, but instead contains language pertaining merely to punishment enhancement.

In contrast, Atwood argues that the trial court on remand was correct in sentencing him as a misdemeanant rather than a felon. From his perspective, a "prior evading arrest conviction that elevates a misdemeanor to a felony is a jurisdictional element of the charged felony offense," which must be proved at the guilt/innocence phase of the trial. Acknowledging it failed to prove the prior evading arrest offense during guilt/innocence, the State instead contends such proof is actually part of the punishment phase of the trial. Only after the case was appealed by Atwood and remanded by the Texarkana court for a new punishment hearing, did the State put on its proof concerning the prior evading arrest conviction.

The State directs us to *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), where the United States Supreme Court held that the Dou-

ble Jeopardy Clause does not preclude a retrial on a prior conviction allegation in a non-capital sentencing context. *Id.* at 734, 118 S.Ct. at 2253, 141 L.Ed.2d at 628. Any support from the *Monge* opinion, however, depends upon the punishment issue's being a legitimate enhancement issue rather than an actual element of the offense.

On appeal, Atwood argues his sentence cannot be enhanced by the prior evading arrest conviction, because the prior conviction, rather than a punishment factor, is actually an element of the offense. According to Atwood, the State has the burden of proving the prior evading arrest conviction during the guilt/innocence phase of the trial. To allow proof to be made at the retrial on punishment would constitute, in Atwood's view, a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

In support of his position, Atwood contends that the felony evading arrest offense is similar to the offense of felony DWI. In *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App.2000), the Court of Criminal Appeals addressed the issue of whether the State is required to actually prove two previous DWI convictions in order to prosecute a defendant for felony DWI or whether a defendant's stipulation admitting those two previous convictions is sufficient. The Court held:

> Regarding the former issue, this Court held that when prior convictions are used to elevate what would otherwise be a misdemeanor offense to the level of a felony, they must be pled in the indictment for the trial court to gain jurisdiction. *See Turner v. State*, 636 S.W.2d 189, 196 (Tex.Crim.App.1980); *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim.App. [Panel Op.] 1980). Nevertheless, it is not the *reading* of the indictment that vests the trial court with jurisdiction. Rather jurisdiction vests when the pleadings are submitted to the trial court and contain the requisite number of previous convictions. Therefore, this rule guides us as to what the

State should present to the trial court, not necessarily what the State should tell and prove to the jury.

*Id.* at 201. The Court went on to hold that the State is not required to read an indictment containing the jurisdictional prior convictions to the jury; the pleading of two prior DWI convictions in the indictment is sufficient to confer jurisdiction. The holding, however, prohibits the reading of prior convictions that are for enhancement purposes only when the defendant stipulates to two prior DWI convictions.

In *Tamez,* the Court of Criminal Appeals continued to treat two prior DWI convictions as essential elements of felony DWI. *See also Renshaw v. State,* 981 S.W.2d 464, 466 (Tex.App.—Texarkana 1998, pet. ref'd) (Prior DWI's are elements of the offense and part of the proof at the guilt/innocence stage for a felony DWI prosecution.). The Court also referenced two prior cases that had earlier applied the same principle to theft convictions. Just as two prior DWI's are essential elements of the offense of the felony DWI, prior theft offenses are also jurisdictional elements when they are used to elevate what would be a misdemeanor theft offense to a felony theft. *See Turner v. State,* 636 S.W.2d 189, 196 (Tex.Crim.App.1980); *Gant v. State,* 606 S.W.2d 867, 871 (Tex. Crim.App.1980).

■ In *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350, 357 (1998), the United States Supreme Court considered the question of whether a provision in a particular statute defined a separate crime or simply authorized an enhanced penalty. That, in effect, is the preliminary question before us as well. Is section 38.04(b)(2) a penalty provision or is it a separate crime, the elements of which must be proved at the guilt/innocence phase of trial? As noted by the United States Supreme Court in *Jones v. United States,* 526 U.S. 227, 232, 119 S.Ct. 1215, 1219, 143 L.Ed.2d 311, 319 (1999), "much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." In making the determination of whether the portion of the statute in question is an element of the offense or a sentencing factor, we look, as did the United States Supreme Court in *Almendarez–Torres,* to the statute's language, structure, subject matter, context, and history. *Almendarez–Torres* at 228–29, 118 S.Ct. at 1223, 140 L.Ed.2d at 358. We note first that the title of section 38.04 does not mention the word "penalty," as did the pertinent statute in *Almendarez–Torres.* Nor is the subject matter of section 38.04 recidivism, as was the case with the statute in *Almendarez–Torres.* Instead, the subject matter of section 38.04 is the actual offense of evading arrest and its aggravating elements. *See generally Jones,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (Court interpreted 18 U.S.C. 2119 as setting out separate and aggravated offenses rather than a single offense with various sentencing factors.). As in *Jones,* the structural pattern of the statute, both now and prior to its amendment in 1993, supports the conclusion that the subsections of section 38.04 are elements of the offense.[4]

In addition to the fact that section 38.04 sets out the actual offense, subsection (b)(2) sets out two requirements for making the offense a state jail felony: the actor must have used a vehicle while in flight *and* must have been previously convicted of an offense under section 38.04. One of those requirements—the use of a

---

4. In *Almendarez–Torres,* the United States Supreme Court concluded the federal statute in question had to do with recidivism and was not a separate offense. *Almendarez–Torres* at 247, 118 S.Ct. at 1233, 140 L.Ed.2d at 371.

In *Jones,* the court considered another federal statute and found the subsections in question each constituted a separate offense and were not sentencing factors. *See Jones,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311.

vehicle while in flight—has nothing to do with recidivism, and it is joined with the requirement of a prior conviction of evading arrest. With the joinder of the two requirements in subsection (b)(2), one of which clearly has nothing to do with recidivism, we conclude they both are elements of the felony offense of evading arrest.

It is also instructive to note that the remaining subsections in section 38.04 follow the same pattern. The evading arrest offense is a Class A misdemeanor if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section; the offense is a third degree felony if another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; the offense is a second degree felony if another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight. *See* § 38.04(b)(1)-(4). The structure is consistent with other statutes in the Texas Penal Code which treat such matters as aggravating elements of the offense. *See* TEX. PEN.CODE ANN. §§ 22.01, (assault), 22.041 (abandoning or endangering a child), 31.03 (theft), 49.09(DWI) (Vernon Supp.2000).

■■■ In the instant case, the State attempted to elevate a misdemeanor evading arrest offense to a state jail felony based, in part, on a prior conviction for evading arrest. We conclude, that, as is the case with prior offenses in DWI and theft cases, a prior offense of evading arrest is an element of the offense of felony evading arrest and must not only be included in the indictment, but must also be proved at trial. The State has acknowledged it did not prove the prior conviction at trial. Having failed to prove an element of the offense during the guilt/innocence phase of the trial, the State cannot, in effect, retry Atwood for the same crime and thereby violate the Double Jeopardy Clause of the United States Constitution.

■■■ "The Double Jeopardy Clause ... embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *Ex parte Broxton,* 888 S.W.2d 23, 25 (Tex.Crim.App.1994). In Atwood's original appeal, the Texarkana court found the evidence was insufficient to prove the prior evading arrest offense; thus, he was, in effect, acquitted of the felony offense of evading arrest and convicted only of a Class A misdemeanor evading arrest. *See Monroe v. State,* 871 S.W.2d 801, 803 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (A defendant convicted of a lesser included offense is impliedly acquitted of the greater offense.). To give the State a "second bite at the apple" in attempting to prove up the prior evading arrest would be to subject Atwood to double jeopardy.

■■■ Citing TEX. CONST. art. V, § 12(b), the State urges that proof of the prior evading arrest offense is not necessary to confer jurisdiction on the trial court. According to the State, the filing of the indictment confers jurisdiction on the district court. Here, the indictment alleged felony evading arrest, an offense over which the district court had jurisdiction. We agree with the State that the indictment alleged a felony, and the district court had jurisdiction to hear the case. What the State failed to do, however, was prove all of the elements of the offense at the guilt/innocence phase of the trial. As the Texarkana court held, all the State proved at trial was a Class A misdemeanor punishable by a maximum fine of $4,000 and a confinement in jail of one year or less. TEX. PEN.CODE ANN. § 12.21 (Vernon 1994). On remand for punishment, the trial court meted out punishment within the appropriate statutory range. We hold the trial court was correct in sentencing Atwood as a misdemeanant, rather than a

felon, and the sentence is not illegal. The State's issue is overruled.

The judgment is affirmed.