Affirmed and Opinion filed July 31, 2003









Affirmed
and Opinion filed July 31, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00327-CR

____________

 

EDWARD E. FORD, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 178th District Court

Harris County, Texas

Trial
Court Cause No. 887,066

 



 

O
P I N I O N

Appellant,
Edward E. Ford, was convicted by a jury of the felony offense of evading arrest
and was sentenced by the trial court to 25 years= imprisonment.  In three
points of error, appellant claims the trial court erred by (1) permitting the
State to introduce evidence of appellant=s stipulation to a prior conviction, (2) denying appellant=s
request for a jury instruction on necessity, and (3) denying appellant=s
request for a  jury instruction on
self-defense.  We affirm.

 

 








Background

On
September 5, 2001, Officer Madrid of the Houston Police Department was
dispatched to a Shell service station on the North Freeway to investigate
reports of a male harassing customers and possibly selling drugs.  Upon arrival, Officer Madrid approached
appellant and asked for his identification, which he provided.  The officer proceeded to the adjacent Mobil
station, when he noticed appellant had moved his car across the street to the
Olympic Motel, a place identified as well-known for drugs and prostitution.  After running appellant=s
license plates, the officer was notified that they were not the current plates
issued to that vehicle.  Madrid then
observed appellant pulling into a little grocery store down the street.  

Madrid
pulled in behind appellant and again asked for his identification.  As he ran a check of appellant=s
identification, Madrid asked appellant to step away from the vehicle.  The computer check revealed appellant had
open city warrants.  The officer then
asked appellant to sit in the backseat of the patrol car so that the officer
could write appellant a traffic ticket for the expired registration.  Appellant refused, jumped into his own car,
and locked the doors.  After Madrid
observed appellant reach below the seat, Madrid drew his weapon, and ordered
appellant to show his hands.  Instead,
appellant started his vehicle, began to pull away, and clipped the front end of
Madrid=s
patrol car.  A police chase ensued
resulting in appellant colliding with one patrol car and ending with Madrid
rear-ending appellant.  Appellant then
ran from the vehicle with Officers Jackson and McFarlane in pursuit.  They chased appellant into a  nearby apartment complex where he was caught
and placed under arrest.  Appellant was
charged with evading arrest (from Jackson) and failure to stop and render aid.  The jury acquitted appellant of failure to
stop and render aid and convicted him of evading arrest. 

Evidence
of Prior Conviction








Appellant
argues in his first point of error that the trial court erred in allowing the
State to read an enhancement paragraph to the jury that alleged a prior
conviction for evading arrest and in permitting the State to introduce evidence
of the prior conviction at the guilt/innocence phase of trial.  Appellant signed a written stipulation
stating that he was convicted of a prior evading arrest offense.  Appellant then sought to exclude any mention
of the stipulation or prior offense from the guilt/innocence phase of the
trial.  Prior to trial, the trial court
denied appellant=s motion in limine and granted appellant=s
running objection to the introduction of this evidence.  The State, on appeal, argues error was waived
because appellant did not object at the time the evidence was offered at trial.

In
general, a running objection to evidence is sufficient to preserve error.  Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991).  A pre-trial
motion in limine does not qualify as a running objection.  See Gilchrest v. State, 904 S.W.2d
935, 938 (Tex. App.CAmarillo 1995, no pet.). 
However, in this case trial counsel specifically requested a running
objection to the introduction of evidence addressed in the motion in limine and
the trial court granted counsel=s request.  Because the
trial court granted appellant=s running objection to the admission of evidence that he now
complains of on appeal, we find the State=s contention that error was waived to be without merit.








Appellant
first argues the prior conviction constitutes an enhancement rather than an
element of the crime and therefore should have been presented only at the
punishment phase of the trial.  The
elements of the offense of felony evading arrest under section 38.04(a), (b)(2)
are: (1) the actor intentionally fled from a person he knew was a peace officer
attempting to lawfully arrest him; (2) the actor used a vehicle in fleeing from
the officer; and (3) the actor has been previously convicted under
section 38.04.  Tex. Pen. Code Ann. '' 38.04(a), (b)(2)(A) (Vernon 2002) (emphasis added).  The language in section 38.04(b)(2) that
makes the offense of evading arrest a third-degree felony is an element of the
offense, rather than an enhancement provision, such as can be found in section
12.42 of the Texas Penal Code.  See
Tex. Pen. Code Ann. '
12.42 (Vernon 2002) (providing penalties for repeat and habitual felony
offenders).  The statute=s
language, structure, subject matter, context, and history make it clear that a
prior conviction constitutes an element of the felony offense of evading
arrest.  See Throneberry v. State,
72 S.W.3d 389, 392 (Tex.
App.CFort Worth 2002, pet. dism=d); State v. Atwood, 16 S.W.3d 192, 195-96 (Tex. App.CBeaumont 2000, pet. ref=d).  

As
an element, the prior conviction not only must be included in the indictment,
but also must be proved at trial.  Atwood,
16 S.W.3d at 196.  Here, appellant
stipulated to the existence of the prior evading arrest conviction the State
was required to prove, and he requested that the trial court prevent the State
from introducing evidence regarding it. 
Therefore, the question presented is whether the trial court erred in
allowing the State to read the enhancement allegation to the jury and in
allowing the State to introduce the stipulation into evidence.[1]  

The
State introduced the stipulation while questioning appellant as to whether he
had agreed to it.[2]  The State also argued in closing that a
required element of the offense was a prior conviction and that the defendant
had stipulated to having such a conviction, which results in a higher degree of
punishment.[3]  There was no other mention of the conviction
and no details regarding it were admitted into evidence.  








Appellant
points to Robles v. State as advancing the proposition that the
stipulation may not be entered into evidence. 
85 S.W.3d 211 (Tex. Crim. App. 2002). 
We disagree with this interpretation. 
Robles does not prevent the admission of stipulations, but only
judgments or other extrinsic evidence. 
There, the trial court admitted evidence of prior judgments that
contained information beyond a mere stipulation regarding the prior
conviction.  The Court of Criminal
Appeals noted that a Ajury could have gleaned, during the guilt-innocence phase, that
the DWI charged here was the appellant=s fifth alcohol-related offense and that appellant had not
served his full term for his last prior conviction.@  Id. at 213.  This extraneous evidence is prejudicial and
possesses no probative value.  Id.  The Robles court noted that it was
appellant=s stipulation that made the prior conviction evidence
unnecessary.  Id. at 212.  It did not, however, rule that the State need
not, nor should not, admit the stipulation to a jurisdictional prior conviction
into evidence.

In
a case where a defendant agrees to stipulate to the prior conviction, it is
proper for the State to Aread the indictment at the beginning of trial, mentioning only
the jurisdictional prior conviction, but it is foreclosed from presenting
extraneous evidence of the conviction during its case-in-chief.@  Tamez v. State, 11 S.W.3d 198, 202
(Tex. Crim. App. 2000); see also Hernandez v. State, No. 818-00, 2003 WL
21509134, at *2-*3 (Tex. Crim. App. July 2, 2003); Delatorre v. State,
No. 14-01-01242-CR, 2003 WL 21402545, at *1 (Tex. App.CHouston [14th Dist.]
no pet.) (memorandum opinion).  Here, the
State read the jurisdictional allegation to the jury and introduced evidence
only of the stipulation, not the underlying offense.  Accordingly, the trial court did not err in
overruling appellant=s objections to the evidence. 
We overrule appellant=s first point of error.

Failure
to Give Jury Instructions








In
his second and third points of error, appellant claims the trial court erred in
failing to give jury instructions on the defenses of necessity and
self-defense.  Appellant testified at
trial and characterized the officer as being belligerent and harassing from the
beginning of their encounter.  When
Officer Madrid asked appellant to sit in the patrol car and he refused,
appellant claims the officer Awent off@ and ran towards him with a drawn pistol.  Appellant testified further that Officer
Madrid tried to open appellant=s locked car door, kicked the car, and continued to point the
gun towards him.  Appellant claims he then
threw his hands in the air and begged the officer not to shoot him.  Appellant purportedly believed Officer Madrid
intended to kill him and, therefore, appellant fled in his vehicle to his
sister=s
apartment.

AIt is well settled that an accused has the right to an
instruction on any defensive issue raised by the evidence, whether that
evidence is weak or strong, unimpeached or contradicted, and regardless of what
the trial court may or may not think about the credibility of the evidence.@  Granger v. State, 3 S.W.3d 36, 38
(Tex. Crim. App. 1999).  This rule is
designed to ensure that the jury, not the judge, will decide the relative
credibility of the evidence.  Miller
v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991) (opinion on
rehearing).  When evidence from any
source raises a defensive issue and the defendant requests a jury charge on
that issue, the trial court must submit the issue to the jury.  Muniz v. State, 851 S.W.2d 238, 254
(Tex. Crim. App. 1993).  When the
evidence fails, however, to raise a defensive issue, the trial court commits no
error in refusing a requested instruction. 
Kunkle v. State, 771 S.W.2d 435, 444 (Tex. Crim. App. 1986).

                                                                      Necessity








Appellant
argues in his second point of error that the trial court erred in excluding
from the jury charge instructions on necessity. 
To raise the necessity defense, a defendant must admit that he committed
the offense charged and then offer the alleged necessity as a justification for
his conduct.  Necessity is a statutory
defense that exonerates a person=s otherwise illegal conduct. 
Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999).  Conduct is justified by necessity if: (1) the
actor reasonably believes the conduct is immediately necessary to avoid
imminent harm, (2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be
prevented by the law proscribing the conduct, and (3) a legislative purpose to
exclude the justification claimed for the conduct does not otherwise plainly
appear.  Tex. Pen. Code Ann. ' 9.22 (Vernon 1994); Young, 991 S.W.2d at 839.

The
issue is whether appellant Areasonably believed his conduct was necessary to avoid imminent
harm.@  Maldonado v. State, 902 S.W.2d 708,
712 (Tex. App.CEl Paso
1995, no pet.).  Although appellant
admitted running from Madrid and damaging the patrol car in the process, he
presented no evidence that he reasonably believed locking himself in his car
and then fleeing was immediately necessary to avoid imminent harm.  When appellant began his attempted escape,
the officer had asked him merely to take a seat in the back of the patrol car.  Madrid had not pulled his weapon, handcuffs,
or even moved towards the appellant. 
When appellant sat in his own car and closed and locked the door in
direct disobedience of the officer, Madrid ran towards the vehicle
shouting.  The officer only  pulled his weapon when appellant appeared to
be reaching under his seat.  At this
point appellant started his vehicle and fled. 
Therefore, appellant did not demonstrate that his actions were necessary
to avoid imminent harm and the first element of the defensive issue has not
been met.  Further, appellant was charged
with fleeing from Jackson; however, at trial appellant only admitted to fleeing
from Madrid.  Madrid originally stopped
appellant and caused the purported Anecessity@ to flee.  Appellant
provides no evidence as to why he needed to flee from Jackson; therefore, such
an instruction was properly omitted.  See
Auston v. State, 892 S.W.2d 141, 145 (Tex. App.CHouston [14th Dist.]
1994, no pet.); Leach v. State, 726 S.W.2d 598, 600 (Tex. App.CHouston [14th Dist.] 1987, no pet.).  

Furthermore,
one who unlawfully avoids police detention simply cannot claim that his
criminal conduct is a necessary response to the legitimate police action that
his illicit flight spawns. Maldonado, 902 S.W.2d at 712.  We hold that one who provokes the difficulty,
or is responsible for having placed himself in the position from which he
attempts to extricate himself by committing a criminal offense, is not entitled
to a charge authorizing his acquittal of that offense based upon
necessity.  Leach, 726 S.W.2d at
600.  Appellant=s
second point of error is overruled.








                                                                    Self-Defense

In
appellant=s third point of error he argues the trial court erred in not
giving an instruction on self-defense.  See
Tex. Pen. Code '
9.31 (Vernon 1994).  Self-defense is a
justification of one=s actions that necessarily requires admission that the conduct
occurred.  See Young, 991 S.W.2d
at 838; MacDonald v. State, 761 S.W.2d 56, 60 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d).  Self-defense is
inconsistent with a denial of the conduct. 
Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986).  To raise the issue of self-defense, appellant
must admit the committed offense and then offer self-defense as
justification.  Anderson v. State,
11 S.W.3d 369, 372 (Tex.
App.CHouston [1st Dist.] 2000, pet. ref=d).  

Here,
appellant did not admit to evading arrest from Officer Jackson nor did he
present evidence on the issue of self-defense. 
When the prosecutor specifically asked appellant if he was admitting he
intentionally fled from Jackson he responded, AI can=t admit that.  He never
was behind me.@  Appellant presented
nothing in the way of an explanation as to why he needed to flee in
self-defense.  Because appellant did not
admit the offense as charged and then offer justification for it, the issue of
self-defense was not raised and the trial court did not err in denying the
instruction.  See id. at 372.  Appellant=s third point of error is overruled.

The
trial court=s judgment is affirmed.

 

 

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Opinion filed July
31, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Publish C Tex. R. App. P.
47.2(b).











[1]  The
Stipulation of Evidence read, in relevant part: AI,
Edward E. Ford, have been convicted on October 18, 1996 in cause no. 9644871 in
the County Criminal Court of Law No. 12 of Harris County, Texas, of the offense
of evading arrest.@





[2]  The State=s cross-examination included the following:

Q.  Okay.  Mr. Ford, you stipulated in State=s Exhibit 1 that you=d been
convicted of the misdemeanor offense of evading from the police in 1996; is
that correct?

A.  I stipulated
that?

Q.  Is that
true?

A.  I don=t understand your question.  Are you asking me have I?

Q.  You agree with
that?

A.  Yes, sir.

Q.  That
happened?

A.  Yes, sir.

Q.  And you
filled out B signed the stipulation that you did that?

A.  Yes, sir.





[3]  In closing,
the State presented the following: AAnd I
also have to prove to you he was previously convicted of evading arrest, the
misdemeanor that he stipulated to.  That
makes it a third degree felony.  He has
done it before.@