IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00324-CR

 

John C. Montgomery,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-787-C

 



MEMORANDUM Opinion



            

          John
C. Montgomery was convicted of evading arrest or detention.  He was sentenced to 2.5 years’
incarceration.  We affirm.

Background

          John
Montgomery was driving in reverse down a four-lane street in McGregor.  Observing this, Officer Jeff Freeman engaged
his emergency lights and followed Montgomery in his patrol car for approximately two blocks
before Montgomery pulled over. 
Freeman issued three citations to Montgomery: (1) failure to have a driver’s license; (2)
failure to have proof of insurance; and (3) illegal backing.  After Montgomery signed the citations, Freeman told him that he could
go, but that he was going to have to find someone to come and pick him up, or
else tow his vehicle.  Montgomery stated that he was going to his nephew’s house,
put the vehicle in reverse, and backed away from Freeman.  Freeman ordered Montgomery to stop, but to no avail.  Freeman got into his patrol car, activated
his siren, and thus began a two minute and twenty second pursuit covering eight
and a half blocks of the back streets of McGregor, during which Freeman ordered
Montgomery to stop several times using his PA system.  The “chase” ended with Montgomery neatly backing his vehicle up under a tree at
his nephew’s house.

          Montgomery
argues on appeal that (1) the evidence is legally insufficient to sustain his
conviction for evading arrest/detention because the State failed to prove that
Freeman was lawfully attempting to detain Montgomery; (2) the evidence is
factually insufficient to sustain his conviction because the State failed to
prove that Freeman was lawfully attempting to detain Montgomery; (3) the
evidence is legally insufficient to sustain his conviction because the State
failed to prove that Freeman was attempting to arrest Montgomery; (4) the trial
court fundamentally erred in failing to instruct the jury regarding the requirements
of the “backing a vehicle” statute; and (5) the trial court erred by allowing
the State to read the enhancement paragraph of the indictment to the jury in
the guilt/innocence phase.

The Evidence is Legally and
Factually Sufficient to prove that Freeman Lawfully Attempted to Detain
Montgomery

 

          Montgomery argues in his first and second issues that there
is legally and factually insufficient evidence to prove that Freeman was lawfully
attempting to detain him.

          In a legal insufficiency review, we view all of the
evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential element beyond a
reasonable doubt.  Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 3d
560 (1979)).  We resolve any
inconsistencies in the evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

          In
conducting a factual sufficiency review, we "consider[ ] all of the
evidence in a neutral light" and determine whether the factfinder was
"rationally justified in finding guilt beyond a reasonable
doubt."  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

          [T]here
are two ways in which the evidence may be [factually] insufficient.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Second, there may be
both evidence supporting the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.

 

Id. at 484-85.

          A
person commits the felony offense of evading arrest if he intentionally flees,
in a vehicle, from a person he knows is a peace officer lawfully attempting to arrest or detain him.  Tex.
Pen. Code Ann. § 38.04 (a), (b) (Vernon 2003).  Montgomery contends that Freeman’s attempt to detain him
was unlawful because there is no evidence that he was backing his vehicle in
violation of the Texas Transportation Code. 
In other words, Montgomery claims that the manner in which he was driving his vehicle in
reverse was not an illegal act, and thus the detention was unlawful.

          
The relevant section of the Texas Transportation Code states:

          (a) An operator may not back the
vehicle unless the movement can be made safely and   without interference with other traffic 

 

          (b) An operator may not back the
vehicle on a shoulder or roadway of a limited-access

          or controlled-access highway.

 

Tex. Transp. Code Ann. § 545.415 (Vernon 1999).

          Montgomery argues that there is no evidence that the way
in which he was backing his vehicle was unsafe, or that he was on a road of
limited or controlled access.  However, Freeman
testified that Montgomery’s driving was illegal and dangerous, and he identified
the highway as one of limited or controlled access.  Viewing the evidence in a light most
favorable to the verdict, this is more than a scintilla of evidence that Freeman’s
attempt to detain Montgomery was lawful. 
Curry, 30 S.W.3d at
406.  

          After telling Montgomery that he could not continue to operate the
vehicle, Montgomery refused and blatantly drove away, again in
reverse.  Refusing to obey a lawful order
of an officer is an offense, again giving Freeman lawful reason to detain Montgomery.  See Key v. State, 88 S.W.3d 672, 676 (Tex.
App.—Tyler 2002, pet. ref’d).  Also, Freeman
could have lawfully detained Montgomery in the second instance because Freeman knew Montgomery was operating the vehicle with no license or
proof of insurance.  See Tex. Transp. Code
Ann. § 521.025 (Vernon 1999); Tex.
Transp. Code Ann. § 601.051 (Vernon 1999).  Looking
at all the evidence in a neutral light, we find that there is factually
sufficient evidence to prove that Freeman lawfully attempted to detain Montgomery for both reasons.  Zuniga,
144 S.W.3d at 484-85.  Accordingly, we overrule
Montgomery’s first and second issues.

The Evidence is Legally Sufficient
to Prove that Freeman was Attempting to Arrest/Detain Montgomery

 

          Montgomery argues in his third issue that the evidence is
legally insufficient to prove that Freeman was attempting to arrest Montgomery, and thereby providing no support for his
evading arrest conviction.  The
indictment charged Montgomery with one offense, fleeing from an officer who
was attempting to “arrest or detain” him. 
However, the application paragraph of the jury charge states only “arrest,”
and not “arrest or detain.”

          The
evidence is measured for sufficiency against the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Price v. State, 35 S.W.3d 136, 139 (Tex. App.—Waco 2000, pet.
ref'd).  A hypothetically correct jury
charge is one that "accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried."  Malik,
953 S.W.3d at 240.  Therefore, a
hypothetically correct jury charge would have properly authorized the jury to
convict Montgomery if it found that he fled from an officer
attempting to “arrest or detain” him.  See Schiffert
v. State, No. 02-02-278-CR, 2004 WL 2985068, *4 (Tex. App.—Fort Worth Dec. 23, 2004, no pet. h.). 


          Montgomery was driving backwards without a license or
proof of insurance.  When told to stop,
he refused.  Therefore, there is legally
and factually sufficient evidence that Freeman was attempting to arrest or
detain Montgomery.  Accordingly,
we overrule Montgomery’s third issue.




The
Trial Court did not Err in Failing to Instruct the Jury

          Montgomery argues in his fourth issue that the trial court
committed fundamental error by failing to give an article 38.23 instruction to
the jury concerning the requirements of Texas Transportation Code section
545.415, which would have helped the jury to determine whether Freeman’s attempted
detention of Montgomery was lawful. 
See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2004-2005); Tex. Transp. Code § 545.415.

            Because Montgomery did not
object to the lack of an instruction at trial, any error in the charge is
reversible only if the alleged error resulted in egregious harm.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  Fundamental error in the jury charge is error
that is so egregious and causes such harm as to deprive the accused of a fair
and impartial trial.  Id.  To determine if Montgomery suffered
egregious harm, we consider (1) the entire charge, (2) the state of the
evidence, including contested issues, (3) arguments of counsel, and (4) any other
relevant information.

          The
trial court is obligated to charge the jury on the "law applicable to the
case."  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004-2005).  This obligation requires the court to
instruct the jury concerning each and every element of the offense.  See id.;
43 George E. Dix & Robert O. Dawson, Criminal
Practice and Procedure § 36.11, at 561-62 (Texas Practice 2001). 
Montgomery was challenging the legality of the attempted detention,
an element of the offense of evading arrest or detention.  See
Tex. Pen. Code § 38.04(a).  Therefore, he was entitled to an instruction
on that element.  However, after
reviewing the record in its totality, we cannot conclude that the trial court's
failure to give an instruction amounts to egregious harm.  See
Almanza, 686 S.W.2d at 171.  Given the evidence recited above, the absence
of the instruction was not so harmful as to conclude that Montgomery was denied a fair and impartial trial.  Id.; In re
A.A.B., 110 S.W.3d 553, 557 (Tex. App.—Waco 2003, no pet.).  Accordingly, we overrule Montgomery’s fourth issue.

The
Trial Court did not Err in Allowing the Enhancement Paragraph Read

          Montgomery
argues in his fifth issue that the trial court erred by allowing the State to
read to the jury during the guilt/innocence phase of the trial the portion of
the indictment which stated that he had been previously convicted of evading
arrest.  Montgomery contends that the portion of the indictment referencing
his previous conviction was an enhancement paragraph, and that it was not
needed to invoke the felony jurisdiction of the trial court, because evading
arrest with a car is a state jail felony.

          However,
the State was attempting to prove a third degree felony under section 38.04
(b)(2)(A) of the Texas Penal Code.  See Tex.
Pen. Code § 38.04(b)(2)(A).  The
State argues that proof of prior convictions is not an enhancement provision,
but an element of the offense.  We
agree.  The requirements in Section
38.04(b)(2)(A) that make the offense of evading arrest or detention a third
degree felony are presented in the statute as elements of the offense: (1) the
actor must have used a vehicle while in flight; and (2) the actor must have
been previously convicted of an offense under section 38.04.  Tex. Pen.
Code § 38.04 (b)(2)(A); Ford v.
State, 112 S.W.3d 788, 791 (Tex. App.—Houston [14th Dist.] 2003, no pet.); State v. Atwood, 16 S.W.3d 192, 195-96
(Tex. App.—Beaumont 2000, pet. ref’d); see
also Calton v. State, 132 S.W.3d 29, 33-34 (Tex. App.—Fort Worth 2004, pet.
granted) (finding proof of prior conviction an element of the offense under
section 38.04(b)(2)(A), but urging the Legislature to revise the Penal Code).  Furthermore, section 38.04(b)(2) is
consistent with other statutes that treat prior convictions as aggravating
elements of an offense rather than sentencing or "enhancement"
factors.  See Tex.
Pen. Code Ann. §
31.03(e)(2)(B), (4)(D) (Vernon Supp. 2004-2005); Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon Supp. 2004-2005); Ford, 112 S.W.3d at 791; Atwood,
16 S.W.3d at 196.

          Therefore,
we find that the trial court did not err in allowing the portions of the
indictment alleging a prior conviction for evading arrest to be read to the
jury because the prior conviction is an element of the offense.  See Ford,
112 S.W.3d at 791.  Accordingly, we
overrule Montgomery’s fifth issue.

Conclusion

          Having
overruled all of Montgomery’s issues, we affirm the judgment of the trial
court.

                                                                   

 

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and 

          Justice Reyna

Affirmed

Opinion delivered and filed March
 23, 2005

Do not publish

[CR25]