In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00376-CR**
_____

**WARRICK L. BALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 18-29156**

**MEMORANDUM OPINION**

May a person who the State indicts for evading arrest, *with a prior conviction for that crime*, prove the person is guilty without producing independent evidence during the guilt-innocence phase of the trial to establish the defendant is the same person as the person who is named in certified copies of the judgment showing

1

someone with an identical name has a conviction for evading arrest?[1] We conclude the answer is no. We reverse the trial court's judgment and render the judgment the trial court should have rendered, convicting Warrick L. Ball of evading detention, which under the facts proven in the guilt phase of his trial established he committed a Class A misdemeanor. We remand the case to the trial court for a new punishment hearing, so the trial court may conduct further proceedings, as required, to assess a proper sentence for the crime the State established Ball committed, which is still called evading arrest or detention but it is a Class A misdemeanor and not a state jail felony based on evidence the State introduced in Ball's trial.

## Background

One night in September 2017, an officer patrolling a neighborhood in Beaumont learned from a person who flagged him down that someone might have recently stolen a bicycle in the area. When the officer turned onto a nearby street, he saw someone who later turned out to be Ball, riding the bicycle without using a headlight. According to the officer, that violated the traffic laws, since they require bicyclists to use a headlight while riding a bike at night. The officer activated his overhead lights in anticipation of stopping Ball. According to the officer, Ball was coming towards him but not actively pedaling the bike. The officer left his car, made

---

[1] *See* Tex. Penal Code Ann. § 38.04(b)(1).

eye contact with Ball, and ordered Ball to stop. But instead of stopping, Ball pedaled away while asking the officer why he was being stopped.

A short distance away, Ball turned onto another street and the officer lost sight of him. The officer returned to his car, drove to the street Ball turned onto, and saw the bike abandoned near the road. The officer, who had a trained dog in his car, took the dog, contacted his dispatcher, and asked the dispatcher to send additional officers to the scene. Shortly after a second officer arrived, the primary officer allowed the dog to start tracking a scent, which led away from the bicycle. The dog led the officer to a person who, according to the primary officer, looked "exactly like the person" he had seen "on the bicycle lying in a ditch off the side of the roadway." At that point, the officer arrested Ball.[2]

The crime of evading detention or arrest ("evading detention") is a Class A misdemeanor, a state jail felony, a third degree felony, or a second degree felony, depending on the facts and circumstances the State alleges and then proves occurred during the defendant's trial.[3] In Ball's case, the grand jury alleged that when Ball evaded detention in September 2017, he had another conviction for evading the

_____

[2] The record shows that Warrick L. Ball is also known as Warick Lorin Ball, Warrick Lorin Ball, Rocky Ball, and Warrick Ball.

[3] *Id*. § 38.04(b).

3

police.[4] Given that circumstance, the State charged Ball with the state jail felony version of evading detention, which required the State to establish Ball had a prior conviction for evading detention during the guilt phase of his trial.[5]

That September, Ball pleaded not guilty and tried his case to a jury. The two officers involved in Ball's arrest testified in his trial. During their testimony, the trial court admitted several video recordings into evidence, which show the primary officer's efforts to stop Ball and show the search for Ball occurred after Ball fled from the primary officer using his bike. The videos were from a camera in the primary officer's car and from a body camera the officer who responded to the scene had on his uniform.[6]

In the guilt phase of Ball's trial, the State offered various certified copies of records the State obtained from the Jefferson County Clerk. The trial court admitted these into evidence. The documents the court admitted include a 2003 judgment against "Warick Lorin Ball" for evading detention and a 2008 judgment against "Warrick Lorin Ball" for evading arrest. While fingerprints appear below the judge's

---

[4] *Id.* § 38.04(b)(1).

[5] *Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005) (explaining the prior conviction must be proven in the guilt phase of the defendant's trial to prove the state jail felony version of the crime occurred).

[6] During his testimony, the primary officer (the officer who ordered Ball to stop) explained he did not have a camera on his uniform the night he tried to stop Ball.

4

signature on these two judgments, the State presented no testimony from a witness matching the fingerprints on the judgments to Ball's fingerprints until the punishment phase of Ball's trial.

When the guilt-innocence phase of the trial ended, the jury found Ball guilty of evading detention with previous convictions, "as charged in the indictment." In the punishment hearing, which the parties also conducted before the jury, Ball pleaded true to the six enhancement counts in his indictment. The State called one witness in the hearing, Lauren Kemp. She testified the fingerprints on the 2003 and 2008 judgments belong to Ball. The trial court instructed the jury the punishment for evading detention with a prior conviction is a state jail felony, informed the jury of the punishment range that applies to state jail felonies, and explained that if the jury found Ball had already been convicted of two prior state jail felonies, the punishment applicable to his case would be the punishment available for third degree felonies. The jury found that Ball had previously been convicted of two state jail felonies and that he should serve a six-year sentence.[7]

## Analysis

Ball raises one issue in his appeal. According to Ball, because the State failed during the guilt phase of his trial to link the 2003 or 2008 judgment to him, the jury

---

[7] *See* Tex. Penal Code Ann. §§ 12.34(a), 12.35(a), 12.425(a).

did not have enough evidence to support the finding that Ball had a prior conviction for evading detention. In its brief, the State concedes the certified copies of the court records it produced were insufficient to allow the jury to link Ball to the 2003 and 2008 judgments even though a person with the identical or highly similar names are on them.[8] And the State concedes it failed in the guilt phase of Ball's trial to introduce evidence that was independent from the two judgments to establish that Ball is in fact the same person who is named in those judgments.

To prove the allegations in the indictment, the State needed to prove Ball had a prior conviction for evading detention.[9] And the State needed to introduce that evidence in the guilt phase of Ball's trial.[10] That said, under Texas law, no specific mode of proof must link a defendant to a prior conviction.[11] Even so, a judgment showing a defendant has the same name as the name that appears in a judgment cannot link the defendant to the judgment unless the State introduces additional evidence, independent of the names in the judgments, to establish the required link.[12]

---

[8] In its brief, the State explained it could not argue the evidence it presented during the guilt phase of Ball's trial linked Ball and the certified copies of the records that the trial court admitted into evidence during the trial.

[9] *Id.* § 38.04(b); *see Calton*, 176 S.W.3d at 234; *State v. Atwood*, 16 S.W.3d 192, 196 (Tex. App.—Beaumont 2000, pet. ref'd).

[10] *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

[11] *Id.* (stating that a certified copy of a final judgment and sentence is a preferred and convenient means to establish a prior final conviction).

[12] *See Beck v. State,* 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).

While the State linked Ball to the judgments in the punishment phase of his trial, that was simply too late. It is settled law that the evidence linking the defendant to a judgment must be introduced during the guilt phase of the defendant's trial. And even though the State produced independent evidence, a fingerprint expert, to link Ball to the judgments in the punishment phase of his trial, we may not use that evidence to support the jury's findings in the guilt phase of the trial.[13] Thus, we cannot consider the testimony of the State's fingerprint expert even though it would have allowed the jury to link Ball to the two judgments had the State chosen to introduce it in the guilt phase of Ball's trial.[14]

On this record, we conclude the State failed to produce sufficient evidence in the guilt phase of Ball's trial to prove Ball guilty of the state jail felony version of evading detention. Next, we consider the remedy that applies to the error the trial court made by rendering a judgment convicting Ball of the state jail felony version of evading detention. In his brief, Ball suggests (without citing any authorities) that the error requires this Court to render a judgment acquitting him of evading

---

[13] *Id.*

[14] *See id.* at 209-10 (providing that, among other ways, the State may link the defendant to the prior judgments of convictions by identifying the known prints of the defendant with the fingerprints on the judgments).

detention. The State, on the other hand, suggests this Court should modify the judgment and render a judgment convicting Ball of the Class A misdemeanor version of evading detention. The State also contends that reforming the judgment would require the trial court to reassess Ball's punishment, so it asks this Court to remand the case to the trial court for another hearing on punishment.

In determining what is required to remedy the error in the final judgment, we must decide two things. First, did the jury, in convicting Ball of the state jail felony version for evading detention, necessarily find each element needed to prove Ball committed the misdemeanor version of that crime. Second, does the evidence the State presented in the guilt phase of the trial support Ball's conviction for the misdemeanor version of the crime.[15] Unless the answers to these questions are *yes*, we cannot render judgment on the jury's verdict, as the State requests.[16]

Turning to the first question, the record shows the jury necessarily found each element of the misdemeanor version of the crime of evading detention when the jury convicted Ball of having committed the state jail felony version of that offense. A person commits the misdemeanor version of the crime when he (1) intentionally flees (2) from a person he knows is a peace officer (3) who is attempting to lawfully

---

[15] *Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014).
[16] *Id.*

8

arrest or detain him.[17] But the person commits the state jail felony version when, as is relevant here, he *also* has a prior conviction for that crime.[18] Thus, the jury had to find Ball committed each element of the crime of evading detention, a misdemeanor, to convict Ball of the state jail felony version of that crime.

Turning to the second question, we review the evidence in the light most favorable to the jury's verdict and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[19] This standard gives due deference to the responsibility of the jury to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts.[20] "A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally."[21]

After reviewing the evidence considered by the jury in the guilt phase of Ball's trial, we conclude the evidence supports Ball's conviction for evading detention, a misdemeanor. The evidence allowed the jury to conclude a police officer saw Ball riding a bicycle without a headlight at night.[22] The officer, who was wearing a

---

[17] *See* Tex. Penal Code Ann. § 38.04(a), (b).
[18] *Id.*
[19] *Ross v. State*, 543 S.W.3d 227, 234 (Tex. Crim. App. 2018) (cleaned up).
[20] *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018).
[21] *Id.*
[22] The Transportation Code prohibits a person from riding a bicycle at night without a headlight. *See* Tex. Transp. Code Ann. § 551.104(b)(1).

standard uniform and in a marked car, activated his emergency lights, left the car, and ordered Ball to stop. Ball saw the officer and asked the officer why he was being stopped. Ball then failed to stop and pedaled away. The officer, with assistance, later found Ball hiding in a ditch. Given the testimony and exhibits admitted during the guilt phase of Ball's trial, we hold the evidence allowed the jury, acting reasonably, to conclude Ball intentionally fled from a person he knew to be a peace officer while the officer was lawfully attempting to detain Ball.[23]

For the reasons explained above, we modify the trial court's judgment in Trial Court Cause Number 18-29156 and render judgment convicting Ball of evading detention, a Class A misdemeanor.[24] As modified, we affirm Ball's conviction. We also reverse the judgment as to punishment and remand the case to the trial court for a new hearing on punishment.

AFFIRMED AS MODIFIED IN PART; REVERSED AND REMANDED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on January 23, 2020
Opinion Delivered May 6, 2020
Do Not Publish
Before McKeithen, C.J., Kreger and Horton, JJ.

---

[23] *See* Tex. Penal Code Ann. § 38.04(a).
[24] *Id.* § 38.04(a), (b).