Allen Fitzgerald CALTON a/k/a Allen Fritzgerald Calton, Appellant

v.

The STATE of Texas, State.

No. 2–02–245–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 12, 2004.

Jack V. Strickland, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, C. James Gibson, David Hagerman, Mary Butler, Assistant Criminal District Attorneys, Fort Worth, for appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Allen Fitzgerald Calton of the third degree felony of evading arrest or detention using a vehicle, found the enhancement and habitual offender allegations true, and assessed Appellant's punishment at fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly. Appellant brings five points on appeal. He complains that his sentence is illegal because the prior evading arrest conviction, an essential element of the third degree felony, was not proven at the guilt-innocence phase. He also contends that the trial court erred in admitting evidence of an extraneous offense and in overruling his objections to improper argu-

ments by the State. Because the evidence is legally insufficient to support Appellant's conviction for the third degree felony of evading arrest or detention, we reform the trial court's judgment to reflect his conviction for the state jail felony of evading arrest or detention and remand the case for a new punishment hearing.

## BACKGROUND FACTS

On April 20, 2002, a Coppell police officer saw a red Corvette parked under a bridge. The driver, Appellant, was throwing things out of the car and looking through the trunk. When Appellant noticed the officer watching him, he quickly got into his car and drove away. The officer followed him until he reached Grapevine.

At that time, the Coppell police dispatcher notified the Grapevine police of the situation. The Grapevine Police Department had also received a call from a citizen reporting a reckless driver in a red Corvette. Officer Ramirez found the red Corvette driven by Appellant and attempted to stop him. Appellant pulled over on the side of the road, but when Officer Ramirez came to a stop behind him, Appellant took off, driving across an exit lane and through the grass to get back on the highway.

As Officer Ramirez chased Appellant, Appellant committed multiple traffic offenses. Additionally, during the chase, Appellant stuck his hand out of the car window and emptied a bag of white powder. The chase ended when Appellant drove his car into Lake Lewisville, where he was apprehended. Both the Coppell police officer and Officer Ramirez had dashboard video cameras recording the events.

The State did not introduce evidence of the prior conviction for evading arrest and

the prior felony convictions until the punishment phase.

### LEGAL SUFFICIENCY

Appellant argues in his first point that the evidence is not legally sufficient to convict him of a third degree felony because the State failed to prove an essential element of the offense, a prior evading arrest or detention conviction, at the guilt-innocence phase of his trial. The State, however, argues that the prior evading arrest or detention conviction is not a jurisdictional element of the offense but is alleged merely for enhancement purposes, and, therefore, was properly proven only at the punishment phase of trial. We agree with the State that the prior offense element of section 38.04(b)(2)[1] is not a jurisdictional element because a felony district court necessarily has jurisdiction of state jail felonies. We disagree, however, with the State's position that the prior conviction requirement is not an essential element of the offense that must be proven at the guilt-innocence phase.

In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict.[2] We may not overturn the verdict unless no rational trier of fact could have found the *essential elements* of the crime beyond a reasonable doubt.[3]

The elements of an offense must be charged in the indictment, submitted to the jury, and proven by the State beyond a reasonable doubt.[4]

In Texas, an element of an offense is defined as: the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense.[5] To determine the statutory elements defining a criminal offense, courts look to the literal text of the statute for its meaning and ordinarily give effect to that plain meaning, unless application of the statute's plain meaning would lead to absurd consequences that the legislature could not possibly have intended, or the plain language is ambiguous.[6]

In the case now before us, Appellant was convicted of the third degree felony offense of evading arrest or detention.[7] In addition to the elements of the basic offense set out in section 38.04, subsection (b)(2)(A) lists two requirements for making the offense a third degree felony: the actor must have used a vehicle while in flight and must have been previously convicted of an offense under section 38.04.[8] Although we agree with Judge Holcomb[9] and the State that it would eliminate the risk of prejudice for the trier of fact to address prior conviction issues in the punishment phase of trial, the legislature has not taken this path. Because the use of a

1. TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (Vernon 2003).

2. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

3. *Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim.App.1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995) (emphasis added).

4. *Weaver v. State*, 87 S.W.3d 557, 560 (Tex. Crim.App.2002), *cert. denied*, 538 U.S. 911, 123 S.Ct. 1491, 155 L.Ed.2d 234 (2003).

5. *Id.*

6. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

7. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

8. *Id.; State v. Atwood*, 16 S.W.3d 192, 196 (Tex.App.-Beaumont 2000, pet. ref'd).

9. *See Hollen v. State*, 117 S.W.3d 798, 804 (Tex.Crim.App.2003) (Holcomb, J., concurring).

motor vehicle and the previous conviction for evading arrest or detention are both elements that define the crime, the plain language of the statute requires both to be found in the guilt-innocence phase of trial.[10] Furthermore, it would be contradictory to interpret the statute as requiring these two elemental requirements of the crime, found under the same subsection of the statute, to be proven at different phases of the trial.

■ In other words, under our penal statute, a prior evading arrest or detention is a specific attendant circumstance that serves to define, in part, the forbidden conduct of the third degree felony of evading arrest or detention.[11] Consequently, if a person, such as Appellant, commits the offense of evading arrest or detention with the requisite attendant circumstances, that is, he uses a vehicle while in flight *and* has a prior evading arrest or detention conviction, then the person has committed the third degree felony of evading arrest or detention.[12]

The State, however, argues that under article 36.01(a)(1) of the Texas Code of Criminal Procedure, the prior conviction requirement must be interpreted as enhancement language only and that the prior offense was therefore properly proven only at punishment. To support its argument, the State cites many cases holding that prior convictions alleged for enhancement purposes only and not as jurisdiction-

al elements should not be proven during the guilt-innocence stage.[13] These cases, however, address statutes that either contain enhancement-only provisions that will affect jurisdiction, enhancement provisions that refer to provisions in Chapter 12 of the Texas Penal Code, which is the chapter on punishment, or enhancement provisions that contain the Chapter 12 enhancement language, that is, language stating, "if it is shown on the trial of a state jail felony...." [14]

The Chapter 12 enhancement language makes it clear that the enhancement is to be proven after the defendant has already been convicted of the primary offense.[15] On the other hand, the requirements in section 38.04(b)(2) that make the offense of evading arrest or detention a third degree felony are presented as *elements* of the felony offense itself, rather than as enhancement provisions.[16] The alleged "enhancement" provision of section 38.04(b)(2) does not contain the post-conviction language. Instead, section 38.04(b)(2) sets forth the required elements that define the offense as a third degree felony and that must be proven in the State's case-in-chief at the guilt-innocence stage of trial.

■ Additionally, a prior conviction must be proven at the guilt-innocence stage if it is an aggravating element of the offense rather than a sentencing consider-

**10.** *Ford v. State,* 112 S.W.3d 788, 791 (Tex. App.-Houston [14th Dist.] 2003, no pet.).

**11.** *See Weaver,* 87 S.W.3d at 560.

**12.** *See id.; see also State v. Morgan,* 110 S.W.3d 512, 514 (Tex.App.-Beaumont 2003, pet. granted).

**13.** *See Gibson v. State,* 995 S.W.2d 693, 696 (Tex.Crim.App.1999); *Gant v. State,* 606 S.W.2d 867, 871 (Tex.Crim.App.1980); *Bell v. State,* 504 S.W.2d 498, 500–01 (Tex.Crim.App.

1974); *Broughton v. State,* 148 Tex.Crim. 445, 188 S.W.2d 393, 395 (1945); *Addington v. State,* 730 S.W.2d 788, 790 (Tex.App.-Texarkana 1987, pet. ref'd).

**14.** *See* TEX. PENAL CODE ANN. § 12.42 (Vernon 2003).

**15.** *Id.; see Gibson,* 995 S.W.2d at 696.

**16.** *Throneberry v. State,* 109 S.W.3d 52, 55 (Tex.App.-Fort Worth 2003, no pet.) (op. on PDR).

ation.[17] The structure of section 38.04(b)(2) is consistent with other statutes in the Texas Penal Code, such as those defining theft[18] and assault,[19] that treat prior convictions as aggravating elements of an offense rather than sentencing or "enhancement" factors.[20] Because the structure, language, subject matter, context, and history of the statute make the prior conviction an aggravating element of the third degree felony offense of evading arrest or detention, the prior conviction must be proven at the guilt-innocence phase of the trial.[21] Consequently, the prior conviction not only must be included in the indictment; it also must be proven at the guilt-innocence phase of trial.[22]

 In this case, although paragraph two of the indictment states that "prior to the commission of the offense . . . the defendant had been finally convicted of evading arrest or detention," the State did not put on any evidence of the prior conviction at the guilt-innocence phase of trial. Furthermore, the jury charge at the guilt-innocence phase provided that Appellant "commits the offense of evading arrest or detention using a vehicle if he intentionally flees from a person he knows is a peace officer attempting to arrest him or detain him for the purpose of questioning or investigating possible criminal activity," which under section 38.04 is a state jail

felony.[23] The jury was not instructed to determine whether Appellant had been previously convicted of evading arrest or detention before finding Appellant guilty; the jury charge at guilt-innocence did not mention the prior conviction requirement at all. Therefore, the evidence is legally insufficient to support Appellant's conviction of the third degree felony of evading arrest or detention. It is sufficient, however, to support conviction of the state jail felony of evading arrest or detention.[24] Because Appellant was actually charged with a lesser included offense of the offense for which he was convicted, we are authorized to reform the judgment.[25] We sustain Appellant's first point but join Judge Holcomb in urging the legislature to "revise the Penal Code to eliminate the risk of an improper verdict based on prejudice introduced by . . . elements of the offense, and somehow provide, rather, that evidence of the prior convictions be admissible, except for purposes recognized by the Texas Rules of Evidence, only at punishment via an enhancement provision."[26] Because of our disposition of this point, we do not reach Appellant's second point.[27]

### EVIDENCE OF EXTRANEOUS OFFENSE

 In his third point, Appellant argues that admission of Officer Ramirez's testimony violated rule 404(b) and rule 403 of the rules of evidence.[28] He did not lodge

---

17. *See Jones v. United States,* 526 U.S. 227, 232, 119 S.Ct. 1215, 1219, 143 L.Ed.2d 311 (1999).

18. *See* TEX. PENAL CODE ANN. § 31.03(e)(2)(B), (4)(D); *see also Mott v. State,* 835 S.W.2d 256, 259–60 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd).

19. *See* TEX. PENAL CODE ANN. § 22.01(b)(2).

20. *See Atwood,* 16 S.W.3d at 196.

21. *See Ford,* 112 S.W.3d at 791.

22. *See id.*

23. TEX. PENAL CODE ANN. § 38.04(b)(1).

24. *See id.*

25. *See Collier v. State,* 999 S.W.2d 779, 782 (Tex.Crim.App.1999).

26. *Hollen,* 117 S.W.3d at 804 (Holcomb, J., concurring).

27. *See* TEX.R.APP. P. 47.1.

28. *See* TEX.R. EVID. 403, 404(b).

this objection at the trial level, and did not preserve this complaint for appeal.[29] It is therefore not before us.

■ Appellant also argues in this point, however, that the trial court reversibly erred by allowing the State, over objection, to present purely speculative testimony of an extraneous offense in the guilt-innocence phase of trial. Specifically, Appellant complains that the prosecutor elicited testimony from police officers that, while racing down the freeway in separate vehicles, they had observed Appellant shaking a white powder from a clear plastic baggie into the air outside his car. Although the baggie and its contents were never recovered and, thus, the contents of the baggie were never analyzed, Officer Ramirez testified that the powder was "consistent with powder cocaine." Ramirez also testified that, although he had seen training videos of substances being thrown out of cars during police chases, he had never actually been involved in a chase in which illegal drugs had been thrown out of a car. While a lay witness may offer an opinion based on his perception that would help the jury understand his testimony or determine a fact issue,[30] whether Appellant possessed drugs at the time of the chase is not directly relevant to whether he evaded arrest. If the evidence was offered only to describe the context of the charged offense, Officer Ramirez far exceeded the testimony necessary to show that context. He could have properly testified that a white powdery substance was poured out of the baggie, but he could not know from his vantage point whether the white powdery substance was cocaine, amphetamine, powdered milk, sugar, or any of the numerous white substances used to cut cocaine. The trial court abused its discretion in allowing Officer Ramirez's testimony.[31]

■ Because the error complained of is non-constitutional, we must determine whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[32] The police officers videotaped the pursuit of Appellant. The jury viewed the videotapes and, with no objection by the defense, saw Appellant empty the baggie out the window. The additional testimony by Ramirez that in his opinion the white powdery substance was cocaine did not likely substantially sway the jury to convict Appellant. Evidence of guilt was overwhelming, and, because we are remanding this case for a new punishment trial, we cannot say that the error affected punishment. Because we hold that the complained of testimony had minimal effect on the jury, we overrule Appellant's third point on appeal.

### JURY ARGUMENT

■ In his fourth point, Appellant complains that the prosecutor injected his personal opinion about a witness's credibility during the prosecutor's final argument at the guilt-innocence phase. Appellant is correct; the prosecutor did express his personal opinion of a witness's credibility. Specifically, the prosecutor argued, "I mean, I think he was credible." Appellant, however, made no objection to that argument, and did not preserve his complaint

29. *See Sterling v. State*, 800 S.W.2d 513, 521 (Tex.Crim.App.1990); *Nelson v. State*, 864 S.W.2d 496, 499 (Tex.Crim.App.1993), *cert. denied*, 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994).

30. Tex R. Evid. 701.

31. *See Howard v. State*, 713 S.W.2d 414, 416 (Tex.App.-Fort Worth 1986), pet. ref'd, 789 S.W.2d 280 (Tex.Crim.App.1988).

32. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

for appeal.[33] He has thus waived the complaint. We overrule Appellant's fourth point.

 In his final point, Appellant complains that the trial court erred by denying a mistrial after the prosecutor stated in closing argument at the guilt-innocence phase that the white powdery substance Appellant emptied out the car window was cocaine. When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.[34] Its resolution depends on whether the trial court's instruction to disregard cured the prejudicial effect, if any, of the improper argument.[35] Generally, an instruction to disregard impermissible argument cures any prejudicial effect.[36] In assessing the curative effect of the trial court's instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that the instruction to disregard was ineffective.[37] If the instruction cured any prejudicial effect caused by the improper argument, a reviewing court should find that the trial court did not err.[38] Only if the reviewing court determines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury's verdict.[39] In light of the record as a whole, including the overwhelming evidence of guilt, we cannot say that the trial court's instruction to disregard the prosecutor's improper comment about cocaine was ineffective. We overrule Appellant's fifth point.

### CONCLUSION

Because we hold that the evidence is legally insufficient to support a conviction of the third degree felony of evading arrest or detention but legally sufficient to support conviction of the lesser-included state jail felony of evading arrest or detention, we reform the judgment to reflect conviction of the state jail felony. We affirm the conviction as reformed, but we reverse and remand this case for a new trial on punishment.

---

**33.** *See Sterling,* 800 S.W.2d at 521; *Nelson,* 864 S.W.2d at 499.

**34.** *Faulkner v. State,* 940 S.W.2d 308, 312 (Tex.App.-Fort Worth 1997, pet. ref'd) (en banc op. on reh'g).

**35.** *Id.*

**36.** *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex.Crim.App.2000), *cert. denied,* 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001); *Dinkins v. State,* 894 S.W.2d 330, 357 (Tex.

Crim.App.), *cert. denied,* 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995).

**37.** *Wesbrook,* 29 S.W.3d at 115–16; *Hernandez v. State,* 819 S.W.2d 806, 820 (Tex.Crim. App.1991), *cert. denied,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

**38.** *Dinkins,* 894 S.W.2d at 357; *Faulkner,* 940 S.W.2d at 312.

**39.** Tex.R.App. P. 44.2(b); *King,* 953 S.W.2d at 271.