IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-441-04






ALLEN FITZGERALD CALTON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keasler, J., delivered the opinion of the Court, in which Meyers, Price, Johnson,
and Hervey, JJ., joined. Womack, J., filed a dissenting opinion in which Keller, P.J.,
Holcomb, and Cochran, J.J., joined.



O P I N I O N 



 Evading arrest is a third-degree felony if the actor uses a vehicle and has previously
been convicted of evading arrest. We must decide whether the prior conviction must be
proved at the guilt-innocence or punishment stage of trial. We conclude that it must be
proved at the guilt stage of trial because the statute presents it as an element of the offense,
not as an enhancement provision.

Facts


 Allen Fitzgerald Calton and his little red Corvette took police officers on the ride of
their lives one morning in North Texas. He sped along highway shoulders, squeezed between
other vehicles, and ran red lights, all over the course of several miles and with multiple police
units in chase. At last, Calton raced into a public park, crashed through some gates, and
plunged his sports car right into Lake Lewisville. 

Procedural History


 Calton was arrested and charged with evading arrest. The indictment alleged that he 
fled, using a vehicle, from a peace officer attempting to lawfully arrest or detain him. The
second paragraph alleged that, before the commission of that offense, Calton had been
convicted of evading arrest. Two more paragraphs set out additional prior convictions as
"habitual offender" notices.

 Calton pleaded not guilty and was tried before a jury. The State did not introduce any
evidence of the prior evading arrest conviction or the other two prior convictions at the guilt
phase of trial. The jury charge asked the jury to find whether Calton "did intentionally flee,
using a vehicle, from . . . a peace officer attempting to lawfully arrest or detain him." It did
not ask the jury to find whether Calton had been previously convicted of evading arrest. 
Based on this charge, the jury found Calton "guilty as alleged in the indictment."

 At the punishment phase, paragraph two of the indictment and both habitual offender
notices were read. The jury checked "true" to the "enhancement paragraph" and to both
"habitual offender notices." The jury assessed punishment at 50 years in prison.

 Calton appealed. He argued, among other things, that his 50-year sentence was illegal
because the State failed to prove an essential element of the offense - specifically, the prior
evading arrest conviction. As a result, he contended, he had only been convicted of a state
jail felony which, with enhancements, had a maximum sentence of 20 years.

 The Court of Appeals agreed. (1) The Court concluded that a prior evading arrest
conviction is an element of the offense of third-degree evading arrest and must be proved at
the guilt phase of trial. (2) The Court reformed the judgment to reflect a conviction for a state
jail felony and remanded the case for a new punishment hearing. We granted the State's
petition for discretionary review to decide whether a prior conviction for evading arrest must
be proved at the guilt stage of trial in a prosecution for third-degree felony evading arrest. 

Analysis


 For evidence to be sufficient to convict, the State must prove each element of the
offense beyond a reasonable doubt. (3) Our Legislature has defined the elements of an offense
as the forbidden conduct, the required culpability, any required result, and the negation of any
exception to the offense. (4) In discerning whether any given fact constitutes an element of an
offense, we look to the plain language of the statute involved and apply that plain language
if we are able. (5) If, however, the plain language is ambiguous or leads to an absurd result that
the Legislature could not possibly have intended, we resort to extra-textual sources to
determine the elements of the offense. (6) 

 A prior conviction alleged for enhancement "is not really a component element of the
primary offense." (7) Instead, it is "an historical fact to show the persistence of the accused,
and the futility of ordinary measures of punishment as related to him." (8) An enhancement
"increase[s] the punishment range to a certain range above that ordinarily prescribed for the
indicted crime." (9) It does not change the offense, or the degree of the offense, of conviction. 
There can be no enhancement until a person is first convicted of an offense of a certain
degree. 

 To determine whether a prior evading arrest conviction under § 38.04 is an element
of the offense or serves as an enhancement, we begin with the text of that statute. It provides
in pertinent part as follows:

 § 38.04. Evading Arrest or Detention


 (a) A person commits an offense if he intentionally flees from a person he
knows is a peace officer attempting to lawfully arrest or detain him.

 (b) An offense under this section is a Class B misdemeanor, except that the
offense is:

 (1) a state jail felony if the actor uses a vehicle while the actor
is in flight and the actor has not been previously convicted under
this section;

 (2) a felony of the third degree if:

 (A) the actor uses a vehicle while the actor is in
flight and the actor has been previously convicted
under this section; . . .

 The plain language of this statute demonstrates that the third-degree offense of
evading arrest is committed when a person (1) intentionally (2) flees (3) from a person (4)
he knows is a peace officer (5) attempting to lawfully arrest or detain him and (6) the actor
uses a vehicle while in flight and (7) the actor has been previously convicted of evading
arrest. There is nothing ambiguous about the statute. It defines third-degree evading arrest
as occurring when the actor has previously been convicted of evading arrest. A conviction
for this offense cannot occur until this element is proved. The statute does not set forth a
higher punishment range for the offense when the prior conviction is proved. Instead, it
requires proof of the prior conviction for the third-degree felony conviction to occur. The
plain language of § 38.04 reveals that a prior conviction for evading arrest is an element of
the offense of third-degree evading arrest. It, therefore, must be proved at the guilt phase of
trial. Nothing about this interpretation produces an absurd result which the Legislature could
not possibly have intended.

 The State, however, advances a number of arguments as to why a prior conviction for
evading arrest should not be an element of the offense of third-degree evading arrest. First,
the State contends that there are only two categories of prior convictions in this state - those
that are jurisdictional and those that are used for enhancement. The State contends that if the
prior conviction is jurisdictional, it must be proved at the guilt phase of trial, and if it is an
enhancement, it must be proved at the punishment phase of trial. According to the State,
there is no third category of "non-jurisdictional element of the offense." In this case, the
State argues, the prior conviction was not jurisdictional, because this offense became a state
jail felony by Calton's use of a vehicle. Since jurisdiction was therefore proper in the district
court, the additional allegation of a prior conviction was not a jurisdictional element. As a
result, it was necessarily an enhancement. 

 We disagree. The issue in this case is whether the prior conviction must be proved
at guilt-innocence or punishment. To sustain a conviction, all the elements of the offense
must be proved at guilt. So the relevant question is whether the prior conviction is an
element of the offense, not whether it is jurisdictional.

 And whether something is an element of an offense is a completely separate inquiry
from whether it is jurisdictionally required. We have made clear that jurisdiction is not an
element of an offense. (10) 

 For example, the theft statute defines degrees of the offense in terms of the dollar
value of the property that is stolen. The offense is a state jail felony if the value of the
property stolen is more than $1,500 and less than $20,000. It is a third-degree felony if the
value of the property stolen is more than $20,000 and less than $100,000. As a result, an
element of the offense of third-degree theft is that the value of the property stolen is more
than $20,000 and less than $100,000. This is not a jurisdictional requirement; jurisdiction
vests in the district court once the value of the property becomes more than $1,500. But the
property's value is an element of the offense.

 Similarly, the aggravated assault statute provides that an offense is a second-degree
felony unless it is committed by a public servant, in which case it is a first-degree felony. 
That the offense is committed by a public servant is an element of the offense of first-degree
aggravated assault, but it is not a jurisdictional requirement. Jurisdiction vests in the district
court by the allegation of aggravated assault regardless of whether the actor is a public
servant. The allegation of public servant is an element of the offense even though it is not
jurisdictional. We reject the State's contention that there is no third category of "non-jurisdictional element of the offense." 

 The State contends that our result violates Art. 36.01. That statute provides that
"[w]hen prior convictions are alleged for purposes of enhancement only and are not
jurisdictional, that portion of the indictment or information reciting such convictions shall
not be read until the hearing on punishment is held as provided in Article 37.07." The State
contends that this statute restricts proof of non-jurisdictional prior convictions to the
punishment phase. For support, the State relies on Bell v. State. (11)

 In Bell, the defendant was prosecuted for possession of marijuana under former Art.
725b. The punishment provision of that statute provided that, upon a first conviction, the
offense was a felony punishable by two to ten years in prison, and upon a second or
subsequent conviction, the offense was a felony punishable by ten years to life in prison. We
concluded that the fact of a prior conviction was an enhancement provision, not an element
of the offense. (12) Finding that Art. 36.01 applied, we then asked "whether the prior conviction
was alleged for enhancement purposes only, or was also jurisdictional." (13) Finding that it was
for enhancement purposes only, we concluded that the prior conviction should not have been
proven by the State during the guilt stage of trial. (14)

 The language in Bell implies that a prior conviction alleged for enhancement purposes
may be jurisdictional or not, and if it is jurisdictional, it must be proved at the guilt phase of
trial. But this implication is imprecise. In fact, a prior conviction must be proved at the guilt
stage of trial if it is an element of the offense, whether or not it is jurisdictional. If it is
alleged for enhancement purposes, it is not an element of the offense. The focus of the
inquiry is on whether the prior conviction is an element of the offense, not on whether it is
jurisdictional.

 Other language in Bell supports this interpretation. We held that the prior conviction
in Bell was for enhancement purposes and was "not an element of the offense." (15) And we
noted that the language of the statute was "specifically designated a penalty section and in
every respect appears to be precisely that." (16) Our focus on the elements of the offense, as
well as the text of the statute, supports our conclusion today. We reject Bell's implication
that proof of non-jurisdictional prior convictions must be at the punishment phase. The issue
is not whether the prior conviction is jurisdictional but whether it is an element of the
offense.

 Additionally, the State's interpretation renders a portion of Art. 36.01 meaningless. 
Art. 36.01 sets forth the order in which a trial is to proceed. It specifies that "when prior
convictions are alleged for purposes of enhancement only and are not jurisdictional," that
portion of the indictment should not be read until the punishment phase. Under the State's
interpretation, the word "and" would be replaced with the word "or." The State believes that
because the prior conviction in this case was not jurisdictional, it should be proved at the
punishment phase. But the fact that the prior conviction was not jurisdictional satisfies only
the second part of Art. 36.01. The first part of the statute is that the prior conviction is
alleged for purposes of enhancement only. That language is not satisfied in this case. In this
case, the prior conviction was not alleged for enhancement purposes only. As a result, it
needed to be proved at the guilt phase of trial. 

 The State argues that our interpretation, like that of the Court of Appeals, "splits
hairs" in its focus on the text of the statute. But that is exactly the court's job - to focus on
the language of the statute at issue. The State would have us look to the purpose of prior
convictions generally, noting that repeated commission of the same crime is recidivist
behavior and is not generally regarded as an element of an offense, no matter where it
appears in the statute's text. We reject this approach. We have made clear that statutory
interpretation in this state begins with a statute's text and goes beyond that limit only in
extraordinary circumstances. The State's approach ignores the text of Section 38.04.

 Finally, the State argues, citing Tamez v. State, (17) that this interpretation prejudices
defendants because it requires the prior conviction to be proved at guilt. While we
acknowledged in Tamez the "strong likelihood that the jury may improperly use [prior
convictions] in reaching its verdict," (18) that case involved a defendant's offer to stipulate to
jurisdictional prior convictions in a DWI case. It does not control the question of whether
the prior conviction in an evading arrest case need be proved at guilt or punishment. Our
answer is governed by the language of Section 38.04. If the Legislature believes that our
result today prejudices defendants, it may remedy the problem by revising the language of
its statute.

Conclusion and Judgment


 The Court of Appeals correctly held that the prior conviction in this case was an
element of the offense and had to be proved at the guilt phase of trial. We affirm the
judgment of the Court of Appeals.


DATE DELIVERED: November 2, 2005

PUBLISH

1. Calton v. State, 132 S.W.3d 29 (Tex. App. - Fort Worth 2004). 
2. Id. at 34.
3. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
4. Tex. Pen. Code § 1.07(a)(22).
5. See State v. Mason, 980 S.W.2d 635, 638 (Tex. Crim. App. 1988); Boykin v. State,
818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 
6. Id.
7. Brooks v. State, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997).
8. Id.
9. Ex parte Beck, 769 S.W.2d 525, 527 (Tex. Crim. App. 1989).
10. Mason, 980 S.W.2d at 641.
11. 504 S.W.2d 498 (Tex. Crim. App. 1974).
12. Id. at 500.
13. Id. at 501.
14. Id.
15. Id. at 500.
16. Id.
17. 11 S.W.3d 198 (Tex. Crim. App. 2000).
18. Id. at 202.