Opinion issued April 6, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00292–CR




JOSEPH ANTHONY CRAWFORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 994680




MEMORANDUM OPINION

          Joseph Anthony Crawford, appellant, was charged with the third degree felony
of evading arrest or detention using a vehicle. Tex. Pen. Code Ann. § 38.04 (Vernon
2003). The jury found appellant guilty. After a punishment hearing, the trial court
assessed punishment at 35 years’ confinement in prison.
          In two points of error, appellant argues that (1) the evidence was legally and
factually insufficient to prove venue and (2) the State failed to present evidence
during the guilt-innocence phase of the trial that appellant had been previously
convicted of evading arrest or detention.
          We affirm in part and reverse and remand in part.
Background
          On July 19, 2004, Deputy Gary Smidt was driving in his usual patrol area when
he saw a car that had been linked to a recent aggravated robbery. Deputy Smidt
turned on his lights and sirens. Appellant, the driver of the car, immediately sped
away. Deputy Smidt followed appellant a short distance to an apartment complex that
appellant had pulled into. Appellant was charged with evading arrest or detention.
          At trial, Deputy Smidt was the sole testifying witness for the State. Deputy
Smidt described the location where he first spotted appellant, as well as the route he
and appellant took during the pursuit. However, the State did not establish whether
any of these locations were located in Harris County. The State did not present
evidence of appellant’s prior conviction of evading arrest or detention until the
punishment phase of the trial.
Venue
          In his first point of error, appellant argues that the evidence is legally and
factually insufficient to establish that the venue was Harris County. Deputy Smidt
testified that he first located appellant near the intersection of Westfield Place Drive
and Hollow Tree Lane in Houston, Texas. Deputy Smidt then followed appellant
onto Cypress Station Drive and then onto Cypress Trace Road. Appellant then pulled
into an apartment complex on Cypress Trace Road. We take judicial notice that all
of these locations are within Harris County. See Tex. R. Evid. 201; Watts v. State,
99 S.W.3d 604, 610 (Tex. Crim. App. 2003) (holding appellate court can take judicial
notice that a city is within a county for purposes of venue); Issac v. State, 982 S.W.2d
96, 99–100 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 989 S.W.2d 754 (Tex.
Crim. App. 1999) (taking judicial notice that place where defendant was stopped was
within Harris County). Accordingly, we hold that the evidence is legally and
factually sufficient to establish venue.
          We overrule appellant’s first point of error.
Prior Conviction
          In his second point of error, appellant argues that the State was required to
present evidence during the guilt-innocence phase of the trial that appellant had been
previously convicted of evading arrest or detention. The State did not present such
evidence until the punishment phase.
          The facts of this case pertaining to this point of error are identical to those in
Calton v. State, 132 S.W.3d 29 (Tex. App.—Fort Worth 2004). In both Calton and
this case, (1) the defendants were charged with the third degree felony of evading
arrest or detention, (2) the defendants had previously been convicted of evading arrest
or detention, (3) the State did not present evidence of the previous convictions during
the guilt-innocence phase of the trial, and (4) the jury charge did not require the jury
to find that the defendants had been previously convicted of evading arrest or
detention. Id. at 31–34. The Fort Worth Court of Appeals held in Calton that section
38.04 of the Texas Penal Code required the State to present evidence of Calton’s
previous conviction of evading arrest or detention. Id. at 32–33; Tex. Pen. Code
Ann. § 38.04(b)(2)(A).
          After the parties to this case submitted their briefs, the Court of Criminal
Appeals issued its opinion reviewing the Fort Worth Court of Appeal’s decision. 
Calton v. State, 176 S.W.3d 231 (Tex. Crim. App. 2005). The Court of Criminal
Appeals affirmed the decision, holding that the plain language of the statue requires
proof of a defendant’s prior convictions of evading arrest or detention to be presented
during the guilt-innocence phase of the trial. Id. at 234.
          Accordingly, we hold that the evidence was legally insufficient to support
appellant’s conviction of the third degree felony of evading arrest or detention. 
However, the charge to the jury under which the jury convicted appellant was
sufficient to support a conviction of the lesser-included offense of the state jail felony
of evading arrest or detention. We are therefore authorized to reform the judgment. 
Calton, 132 S.W.3d at 34; Collier v. State, 999 S.W.2d 779, 782 (Tex. Crim. App.
1999).
          We sustain appellant’s second point of error.
Conclusion
          We reform the judgment to reflect a conviction of the state jail felony of
evading arrest or detention. We affirm the conviction as reformed, but we reverse and
remand this case for a new trial on punishment.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).