

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00158-CR

ALLEN F. CALTON                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 0843168D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Allen F. Calton appeals from the trial court's order denying his second post-conviction motion for forensic DNA testing. We affirm.

In 2002, Calton drove to Everett Angle's home, got out of his car to shoot Angle in the face while Angle was standing in his front yard, and then stood over Angle to shoot him two more times. Angle survived. Calton drove off and later

----

[1]*See* Tex. R. App. P. 47.4.

engaged in a high-speed chase with police, which ended with Calton driving his car into a local lake. Calton was indicted with the attempted murder of Angle and argued at trial that he could not have formed the requisite intent because he was hypoglycemic that day and, thus, was effectively unconscious. *See* Tex. Penal Code Ann. § 6.01 (West 2011). The identity of the shooter was not a disputed issue in the case. Calton was convicted of attempted murder and sentenced to life confinement. This court affirmed his conviction. *See Calton v. State*, No. 2-04-228-CR, 2005 WL 3082202, at *1–5 (Tex. App.—Fort Worth Nov. 17, 2005, pet. withdrawn) (mem. op., not designated for publication).[2]

After the court of criminal appeals and a federal district court denied Calton habeas corpus relief, he filed a motion requesting that material from his car's front seat and a slipper found at the crime scene be subject to forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2014). This evidence had been tested in 2002 and 2004, but no results could be produced because there was insufficient genetic material to produce reliable results. The trial court denied the motion on May 13, 2008. *See id.* art. 64.03(a) (West Supp.

---

[2]Calton was also convicted of evading arrest, which likewise was affirmed. *See Calton v. State*, 132 S.W.3d 29, 31 (Tex. App.—Fort Worth 2004), *aff'd*, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005). In doing so, we held (and the court of criminal appeals agreed) that Calton's prior conviction for evading arrest was an element of evading arrest alleged as a third-degree felony, which must be proved at the guilt-innocence phase of trial; thus, we reformed the judgment to reflect that Calton had been convicted of the state-jail-felony offense of evading arrest and remanded for a new punishment hearing. *Id.* at 32–34. We have no further information regarding Calton's evading-arrest conviction, but it is not at issue in his second DNA motion.

2014).  We affirmed the trial court's order because "[t]here [was] no showing . . . that identity was or is an issue in this case" and "there [was] no showing that any other person committed the offense and was in the car where the material subjected to DNA testing was found."  *Calton v. State*, No. 2-08-208-CR, 2009 WL 976004, at *4 (Tex. App.—Fort Worth Apr. 9, 2009, pet. ref'd) (mem. op., not designated for publication).

On August 13, 2013, Calton filed a second motion for forensic DNA testing and asked that the car-seat material and slipper again be tested against Calton's and Angle's blood samples "under the new and more advanced DNA lab testing technology and capabilities."  On September 16, 2013, Calton filed a notice of appeal from the anticipated denial of his second DNA motion.  On February 13, 2014, we dismissed the attempted appeal for want of jurisdiction because the motion had not been finally decided and noted that although Calton's motion had been filed almost five months earlier, the trial court had taken no action on the motion.  *See Calton v. State*, No. 02-13-00460-CR, 2014 WL 584940, at *1 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op., not designated for publication).  The State was provided with a copy of the motion the next day—February 14, 2014.  *See* Tex. Code Crim. Proc. Ann. art. 64.02 (West Supp. 2014).  The record reflects the motion was only sent to the trial-court clerk and does not explain why there was a delay in providing the State a copy of Calton's motion until six months after it was filed.  In any event, the State responded to Calton's motion that although there was evidence that could

3

be tested, Calton had failed to show that newer testing techniques had a reasonable likelihood of producing more accurate and probative results, identity was or is an issue, and DNA testing would exonerate him.

On March 24, 2014, the trial court denied Calton's second motion for forensic DNA testing and entered findings and conclusions. The trial court concluded that Calton's motion was without merit because Calton did not allege that identity was or is at issue, show that newer testing would be reasonably likely to produce more accurate and probative results, or prove by a preponderance of the evidence that he would not have been convicted of attempted murder if the DNA test results were exculpatory. *See id.* arts. 64.01(b)(2), 64.03(a). Calton now appeals the trial court's denial. *See id.* art. 64.05 (West 2006). Because an evidentiary hearing was not held, we review the trial court's ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *Lomax v. State*, No. 14-07-00934-CR, 2008 WL 5085653, at *1 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, pet. ref'd) (mem. op., not designated for publication).

A movant for DNA testing must do more than simply move for such relief; he bears the burden to satisfy the requirements of the statute allowing such testing and must provide facts in support of the motion. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1); *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh'g); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). Because the evidence at issue here previously was subjected to DNA

4

testing, Calton was required to allege facts to support his contention that newer testing techniques are available and that it is reasonably likely that such techniques would yield more accurate and probative results. *See* Tex. Code Crim. Proc. Ann. art. 64.01(b)(2); *Dinkins*, 84 S.W.3d at 642. In his supporting declaration, Calton stated that "DNA testing technology has evolved tremendously over the past few years" and that "several [new] methods" would "clearly trump[] the testing capabilities that were available when testing was done . . . in 2002." These bare allegations are insufficient to establish the need for further testing.[3] *See Dukes v. State*, No. 04-12-00404-CR, 2013 WL 1760618, at *2 (Tex. App.—San Antonio Apr. 24, 2013, no pet.) (mem. op., not designated for publication); *Luna v. State*, No. 2-03-012-CR, 2003 WL 21940907, at *2 (Tex. App.—Fort Worth Aug. 14, 2003, pet. ref'd) (mem. op., not designated for publication); *cf. Routier v. State*, 273 S.W.3d 241, 250–51 (Tex. Crim. App. 2008) (holding DNA retest warranted based on expert evidence defendant produced in support of article 64.01 motion showing that retest with newer techniques likely would yield result).

Even if Calton's motion met the requirements of article 64.01, he still bore the burden to show that identity was or is at issue in the case. *See* Tex. Code

---

[3]In his appellate brief, Calton states that he has shown that "Orchid Cellmark in Dallas, Texas has more advanced testing procedure[s] in place that will, in all probability, yield conclusive results with the miniscule amount of available evidence." Calton provides no record support for this statement; indeed, this assertion was not raised to the trial court in Calton's second motion for forensic DNA testing.

5

Crim. Proc. Ann. art. 64.03(a)(1)(B); *Wilson*, 185 S.W.3d at 484. As we and the trial court previously concluded, Calton's identity as Angle's attacker was never in dispute at trial, and Calton did not raise identity in his second DNA motion or supporting declaration.[4] *See Calton*, 2009 WL 976004, at *4. Article 64.03(a)(2)(A) requires that a "convicted person establish[] by a preponderance of the evidence that . . . [he] would not have been convicted if exculpatory results had been obtained through DNA testing." Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A); *see Holberg v. State*, 425 S.W.3d 282, 286–87 (Tex. Crim. App. 2014). Here, the record supports the conclusion that Calton failed to satisfy his burden to show that it was more likely than not that exculpatory results would have altered the outcome of his trial. *See Holberg*, 425 S.W.3d at 288. Thus, the trial court correctly concluded that further DNA testing was not warranted because identity was not at issue and because Calton failed to show by a preponderance that that he would not have been convicted if DNA testing provided exculpatory evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A); *Birdwell v. State*, 276 S.W.3d 642, 646 (Tex. App.—Waco 2008, pet. ref'd).

---

[4]Calton points to his sworn statement given to police after his arrest that his passenger, "Mike," shot Angle in self-defense. Calton provides no citation to the record before this court for this argument.

We overrule Calton's issue and affirm the trial court's order.


PER CURIAM

PANEL:  GABRIEL, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2015