# PD-0822-15

PD-0822-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/2/2015 4:01:31 PM
Accepted 7/2/2015 4:53:15 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS


**Allen Fitzgerald Calton, Appellant**

**v.**

**The State of Texas, Appellee**

**\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

FROM THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF TEXAS

FORT WORTH, TEXAS


NO. 02-14-00158-CR

TARRANT COUNTY

TRIAL COURT NO. 0843168D


R. Scott Walker

STATE BAR # 24004972

222 W. Exchange Avenue

Fort Worth, TX 76164

(817) 478-9999

(817) 977-0163 FACSIMILE

scott@lawyerwalker.com

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK


**<u>Oral Argument Not Requested</u>**

**IDENTITY OF TRIAL JUDGE, PARTIES, AND COUNSEL**

The following is a complete list of all parties, as well as the names and addresses of all counsel.

| | |
|---|---|
| Trial Judge: | HONORABLE LOUIS STURNS |
| Appellant | ALLEN FITZGERALD CALTON |
| Trial Counsel | PRO SE DEFENDANT |
| Appellate Attorney for Appellant | R. Scott Walker<br>Attorney at Law<br>222 W. Exchange Avenue<br>Fort Worth, Texas 76164 |
| Appellee | The State of Texas |
| Trial Attorney for Appellee | David Hagerman &<br>Charles Brandenberg<br>Tarrant County Assistant<br>District Attorneys<br>401 W. Belknap,<br>Fort Worth, Texas 76196 |
| Appellate Attorney for Appellee | Sharen Wilson<br>Tarrant County<br>District Attorney<br>401 W. Belknap,<br>Fort Worth, Texas 76196 |

**TABLE OF CONTENTS**

PAGE

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . 5

STATEMENT OF PROCEDURAL HISTORY OF THE CASE. . . 6

QUESTION PRESENTED . . . . . . . . . . . . . . . 6

ARGUMENT (THE TRIAL COURT ERRED IN DENYING

MOTION FOR DNA TESTING) . . . . . . . . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 15

APPENDIX. . . . . . . . . . . . . . . . . . . . 16

## INDEX OF AUTHORITIES

### CASES

*Bell v. State,*
    90 S.W.3d 301 (Tex.Crim.App. 2002) . . . . . .  6

*Rivera v. State,*
    89 S.W.3d 55 (Tex.Crim.App.2002). . . . . . . 6

### STATUTES

*Texas Code of Crim. Proc. Ann.,*
    Art. 64.03(a)B(c. . . . . . . . . . . . . . . 6, 7

### STATEMENT REGARDING ORAL ARGUMENT

Oral argument of this case is hereby waived on behalf of Appellant.

## STATEMENT OF THE CASE

This appeal has resulted from a criminal prosecution for attempted murder. On May 10, 2004, Appellant, Allen Calton, pled not guilty to the second degree offense. (R.R., Vol. 2, p. 3). On May 19, 2004, after evidence was presented, the jury found Calton guilty. The Jury found true to both habitual offender notices. Then the jury set punishment at confinement for life. (C.R., Vol.6 p.1193).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published memorandum opinion on June 25, 2015. The deadline for filing a Petition for Discretionary Review is July 25, 2015.

## QUESTION PRESENTED

Whether the trial judge erred in denying the Defendant's motion for DNA testing.

## ARGUMENT

**APPLICABLE LAW:** A bifurcated standard of review is used to examine whether a trial court's decision to

5

deny a motion for postconviction DNA testing should be overturned. Rivera v. State, 89 S.W.3d 55,59 (Tex.Crim.App. 2002). The Appeals Court is to afford almost total deference to the trial court's determination of historical facts and the application of law to those fact issues that turn on credibility and demeanor. (Id.) The Appeals Court is to review de novo the ultimate question of whether the trial court was required to grant a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. (Id.) The legislative history of Chapter 64 indicates that a convicted person must demonstrate to the trial court that a reasonable probability exists that DNA tests would prove his or her innocence. Bell v. State, 90 S.W.3d 301, 306 (Tex.Crim.App. 2002).

A trial court must order testing only if the statutory preconditions are met. (Id). Those conditions include (1) The trial court finds that the evidence still exists and is in a condition to make DNA testing possible, that the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect, and that the identity was or is an issue in the case; and (2) the convicted person establishes

6

beyond a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and that the request for the proposed DNA testing is not made to unreasonably delay execution of sentence or administration of justice. (Tex.Code Crim.Proc.Ann. Art.64.03(a)B(c)).

## Analysis

The State has conceded that evidence exists that can be tested, including a cutting from the front seat of Defendant's car, a slipper, and blood samples from both Defendant and the victim. (Attachment D of State's Reply to Pro Se Defendant's [Second] Motion for DNA Testing Pursuant to TCCP 64.01). The State has not alleged that there is any chain of custody problems. The trial judge that denied the motion for testing is not the same judge that presided over the trial in 2004. Because of the fact that the trial judge adopted the prosecution's findings of fact and conclusions of law, it would appear that the trial judge did not review the voluminous record of the 2004 trial. Therefore, the only issue in this proceeding should be reviewed de novo. That issue is, of course, whether the trial court was required to grant the

7

motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.

A reasonable probability exists that the Defendant would have been found notguilty at trial had the evidence been tested using methods that are available today. The State will argue that the Defendant did not contest identity at trial, but rather argued that he did not have the mental ability to knowingly or intentionally shoot the victim. This argument fails to take in consideration that Allen Calton, the Defendant, represented himself at trial and used the above trial strategy only after knowing there was no DNA results on the evidence in question here. Prior to trial, Allen Calton insisted that there was another person in the vehicle with him that fired the shots. Three days after the shooting, Allen Calton signed a sworn statement for police. The statement was that on the day in question the victim reached into Allen's car with a knife and tried to cut the passenger, a man named Mike, and that Mike shot the victim in self-defense. (R.R. Vol. 12, State's Exhibit 33). If DNA evidence had matched Mike, Allen Calton would have most assuredly abandoned the idea of an automatism defense and continued his

8

identity defense that he was using only three days after the shooting.

State's Exhibit 33 certainly makes it clear that identity was at issue.  Exhibit 33 was in evidence and clearly indicated that Mike, and not Allen Calton, was the shooter.  The State's argument that identity was not at issue should not be sustained.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Allen Fitzgerald Calton, Appellant, prays that the case be reversed or for whatever other relief he has shown himself entitled.

Respectfully Submitted,
s/Scott Walker

_____
By: Scott Walker
Attorney for Appellant
222 W. Exchange Avenue
Fort Worth, Texas 76164
(817) 478-9999
(817) 977-0163 FAX
scott@lawyerwalker.com
State Bar No. 24004972

9

**CERTIFICATE OF SERVICE**

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 3rd day of July, 2015.

s/Scott Walker

R. Scott Walker

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 1,357 words, and that the document is in 14 point type.

s/Scott Walker

R. Scott Walker

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-14-00158-CR

---------

ALLEN F. CALTON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 0843168D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Allen F. Calton appeals from the trial court's order denying his second post-conviction motion for forensic DNA testing. We affirm.

In 2002, Calton drove to Everett Angle's home, got out of his car to shoot Angle in the face while Angle was standing in his front yard, and then stood over Angle to shoot him two more times. Angle survived. Calton drove off and later

---
[1]*See* Tex. R. App. P. 47.4.

engaged in a high-speed chase with police, which ended with Calton driving his car into a local lake. Calton was indicted with the attempted murder of Angle and argued at trial that he could not have formed the requisite intent because he was hypoglycemic that day and, thus, was effectively unconscious. *See* Tex. Penal Code Ann. § 6.01 (West 2011). The identity of the shooter was not a disputed issue in the case. Calton was convicted of attempted murder and sentenced to life confinement. This court affirmed his conviction. *See Calton v. State*, No. 2-04-228-CR, 2005 WL 3082202, at *1–5 (Tex. App.—Fort Worth Nov. 17, 2005, pet. withdrawn) (mem. op., not designated for publication).[2]

After the court of criminal appeals and a federal district court denied Calton habeas corpus relief, he filed a motion requesting that material from his car's front seat and a slipper found at the crime scene be subject to forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2014). This evidence had been tested in 2002 and 2004, but no results could be produced because there was insufficient genetic material to produce reliable results. The trial court denied the motion on May 13, 2008. *See id.* art. 64.03(a) (West Supp.

---

[2]Calton was also convicted of evading arrest, which likewise was affirmed. *See Calton v. State*, 132 S.W.3d 29, 31 (Tex. App.—Fort Worth 2004), *aff'd*, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005). In doing so, we held (and the court of criminal appeals agreed) that Calton's prior conviction for evading arrest was an element of evading arrest alleged as a third-degree felony, which must be proved at the guilt-innocence phase of trial; thus, we reformed the judgment to reflect that Calton had been convicted of the state-jail-felony offense of evading arrest and remanded for a new punishment hearing. *Id.* at 32–34. We have no further information regarding Calton's evading-arrest conviction, but it is not at issue in his second DNA motion.

2014). We affirmed the trial court's order because "[t]here [was] no showing . . . that identity was or is an issue in this case" and "there [was] no showing that any other person committed the offense and was in the car where the material subjected to DNA testing was found." *Calton v. State*, No. 2-08-208-CR, 2009 WL 976004, at *4 (Tex. App.—Fort Worth Apr. 9, 2009, pet. ref'd) (mem. op., not designated for publication).

On August 13, 2013, Calton filed a second motion for forensic DNA testing and asked that the car-seat material and slipper again be tested against Calton's and Angle's blood samples "under the new and more advanced DNA lab testing technology and capabilities." On September 16, 2013, Calton filed a notice of appeal from the anticipated denial of his second DNA motion. On February 13, 2014, we dismissed the attempted appeal for want of jurisdiction because the motion had not been finally decided and noted that although Calton's motion had been filed almost five months earlier, the trial court had taken no action on the motion. *See Calton v. State*, No. 02-13-00460-CR, 2014 WL 584940, at *1 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op., not designated for publication). The State was provided with a copy of the motion the next day—February 14, 2014. *See* Tex. Code Crim. Proc. Ann. art. 64.02 (West Supp. 2014). The record reflects the motion was only sent to the trial-court clerk and does not explain why there was a delay in providing the State a copy of Calton's motion until six months after it was filed. In any event, the State responded to Calton's motion that although there was evidence that could

3

be tested, Calton had failed to show that newer testing techniques had a reasonable likelihood of producing more accurate and probative results, identity was or is an issue, and DNA testing would exonerate him.

On March 24, 2014, the trial court denied Calton's second motion for forensic DNA testing and entered findings and conclusions. The trial court concluded that Calton's motion was without merit because Calton did not allege that identity was or is at issue, show that newer testing would be reasonably likely to produce more accurate and probative results, or prove by a preponderance of the evidence that he would not have been convicted of attempted murder if the DNA test results were exculpatory. *See id.* arts. 64.01(b)(2), 64.03(a). Calton now appeals the trial court's denial. *See id.* art. 64.05 (West 2006). Because an evidentiary hearing was not held, we review the trial court's ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *Lomax v. State*, No. 14-07-00934-CR, 2008 WL 5085653, at *1 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, pet. ref'd) (mem. op., not designated for publication).

A movant for DNA testing must do more than simply move for such relief; he bears the burden to satisfy the requirements of the statute allowing such testing and must provide facts in support of the motion. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1); *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh'g); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). Because the evidence at issue here previously was subjected to DNA

4

testing, Calton was required to allege facts to support his contention that newer testing techniques are available and that it is reasonably likely that such techniques would yield more accurate and probative results. *See* Tex. Code Crim. Proc. Ann. art. 64.01(b)(2); *Dinkins*, 84 S.W.3d at 642. In his supporting declaration, Calton stated that "DNA testing technology has evolved tremendously over the past few years" and that "several [new] methods" would "clearly trump[] the testing capabilities that were available when testing was done . . . in 2002." These bare allegations are insufficient to establish the need for further testing.[3] *See Dukes v. State*, No. 04-12-00404-CR, 2013 WL 1760618, at *2 (Tex. App.—San Antonio Apr. 24, 2013, no pet.) (mem. op., not designated for publication); *Luna v. State*, No. 2-03-012-CR, 2003 WL 21940907, at *2 (Tex. App.—Fort Worth Aug. 14, 2003, pet. ref'd) (mem. op., not designated for publication); *cf. Routier v. State*, 273 S.W.3d 241, 250–51 (Tex. Crim. App. 2008) (holding DNA retest warranted based on expert evidence defendant produced in support of article 64.01 motion showing that retest with newer techniques likely would yield result).

Even if Calton's motion met the requirements of article 64.01, he still bore the burden to show that identity was or is at issue in the case. *See* Tex. Code

---

[3]In his appellate brief, Calton states that he has shown that "Orchid Cellmark in Dallas, Texas has more advanced testing procedure[s] in place that will, in all probability, yield conclusive results with the miniscule amount of available evidence." Calton provides no record support for this statement; indeed, this assertion was not raised to the trial court in Calton's second motion for forensic DNA testing.

5

Crim. Proc. Ann. art. 64.03(a)(1)(B); *Wilson*, 185 S.W.3d at 484. As we and the trial court previously concluded, Calton's identity as Angle's attacker was never in dispute at trial, and Calton did not raise identity in his second DNA motion or supporting declaration.[4] *See Calton*, 2009 WL 976004, at *4. Article 64.03(a)(2)(A) requires that a "convicted person establish[] by a preponderance of the evidence that . . . [he] would not have been convicted if exculpatory results had been obtained through DNA testing." Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A); *see Holberg v. State*, 425 S.W.3d 282, 286–87 (Tex. Crim. App. 2014). Here, the record supports the conclusion that Calton failed to satisfy his burden to show that it was more likely than not that exculpatory results would have altered the outcome of his trial. *See Holberg*, 425 S.W.3d at 288. Thus, the trial court correctly concluded that further DNA testing was not warranted because identity was not at issue and because Calton failed to show by a preponderance that that he would not have been convicted if DNA testing provided exculpatory evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A); *Birdwell v. State*, 276 S.W.3d 642, 646 (Tex. App.—Waco 2008, pet. ref'd).

---

[4]Calton points to his sworn statement given to police after his arrest that his passenger, "Mike," shot Angle in self-defense. Calton provides no citation to the record before this court for this argument.

We overrule Calton's issue and affirm the trial court's order.

PER CURIAM

PANEL:  GABRIEL, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2015



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00158-CR

| | | |
|---|---|---|
| Allen F. Calton | § | From the 213th District Court |
| | § | of Tarrant County (0843168D) |
| v. | § | June 25, 2015 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the trial court's order is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM